RECEIVED

2005 OCT 31 P 2: 34

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHAHEED MUHAMMAD,<br><br>Plaintiff,<br><br>v.<br><br>ELI LILLY AND COMPANY; and YOLANDA BROWN, Sales Representative, and FICTITIOUS DEFENDANTS A, B, C, D, E, and F, being those persons, sales representatives, firms or corporations, whose fraud, scheme to defraud, negligence, and/or other wrongful conduct caused or contributed to the Plaintiff's injuries and damages, and whose true names and identities are presently unknown to the Plaintiff but will be substituted by amendment when ascertained,<br><br>Defendants. | CASE NO.: 05-1046<br><br>NOTICE OF REMOVAL |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendant Eli Lilly and Company ("Lilly"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes this case from the Circuit Court of Bullock County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division, and in support thereof states as follows:

## BACKGROUND

1. Plaintiff commenced this action on October 03, 2005, by filing his Complaint in the Circuit Court of Bullock County, Alabama. (True and correct copies of all process, pleadings, discovery, and orders served upon defendants to date in the Circuit Court of Bullock County, Alabama, are attached hereto collectively as Exhibit "A.")

2. Lilly was served with the Complaint on October 6, 2005.

3. Plaintiff admits in his Complaint that he has not served Yolanda Brown. *See* Compl. at ¶ 3. Further, as of the date of this Notice of Removal, the docket for this case indicates that no service has been made on Yolanda Brown.

4. Lilly believes that the sales representative named in the Complaint as "Yolanda Brown" is now known as "Yolanda McCain" (hereinafter referred to as "Ms. McCain"). *See* Declaration of Yolanda McCain, attached as Exhibit "B."

5. A Tag Along Notice is being filed with the Judicial Panel on Multidistrict Litigation ("MDL Panel") because this action is related to the Zyprexa Products Liability Litigation previously transferred to the Honorable Jack B. Weinstein in the Eastern District of New York as MDL 1596.

6. The MDL Panel will shortly issue a Conditional Transfer Order conditionally transferring this action to the Eastern District of New York for consolidated and coordinated pretrial proceedings in MDL 1596.

**AMOUNT IN CONTROVERSY**

7. The Complaint alleges that "Plaintiff was caused to suffer injuries and damages, including but not limited to physical pain and suffering including diabetes mellitus, mental and emotional anguish and distress and economic loss" as a result of ingestion of Zyprexa®. *See* Compl. at ¶ 7.

8. The Complaint alleges that "Plaintiff incurred, and will incur hospital, medical and incidental expenses" and "sustained a loss of earnings and a diminished earning capacity" as a result of ingestion of Zyprexa®. *See* Compl. at ¶¶ 8-9.

9. Plaintiff avers that Lilly's conduct was the cause of Plaintiff's claimed injuries and seeks punitive damages. *See* Compl. at ¶ 74.

10. Under Alabama Law, by bringing a civil action for physical injury, plaintiffs can claim and recover punitive damages of up to $1,500,000 or three times the amount of compensatory damages, whichever is greater. Ala. Code § 6-1-21(d). Accordingly, the amount and nature of compensatory damages to which plaintiffs allege they are entitled, combined with their allegations of intentional conduct and the corresponding punitive damages they are seeking demonstrate that the amount in controversy clearly exceeds the jurisdictional minimum of $75,000.

11. Alabama courts routinely uphold awards far in excess of $75,000 for actual and punitive damages in personal injury actions. *See, e.g., Hobart Co. v. Scroggins*, 776 So. 2d 56 (Ala. 2000) (affirming award of $250,000 in compensatory damages on claim under Alabama Extended Manufacturers Liability Doctrine ("AEMLD")); *Hill Mfg. Co. v. Webb*, 724 So. 2d 1137 (Ala. 1998) (affirming award of $300,000 in compensatory and $600,000 in punitive damages on claim under AEMLD); *Wal-Mart Stores, Inc. v. Robbins*, 719 So. 2d 245 (Ala. Civ. App. 1998) (affirming award of $10,000 compensatory damages and $190,000 in punitive damages caused by ingestion of prescription drug).

12. Plaintiff's counsel here has filed several virtually identical complaints in state courts in Ohio claiming damages well in excess of $75,000. *See, e.g., Spratt v. Eli Lilly and Co.*, No. CV-05-559408 (Ct. of Com. Pleas Cuyahoga County, Ohio, filed April 6, 2005).

13. Plaintiff seeks damages in such an amount "as a jury deems reasonable." Further, Plaintiff seeks punitive damages in an unspecified amount "sufficiently large to be an example to others," which is included in the calculation of the amount in controversy. *See Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943). On these facts, Lilly reasonably

believes and therefore avers that the amount in controversy in this action exceeds $75,000 exclusive of interest and costs.

**DIVERSITY OF CITIZENSHIP**

14. Plaintiff states that he resides in Bullock County, Alabama. *See* Compl. at ¶ 5. Plaintiff was at the time this action commenced, and is now, a citizen and resident of the State of Alabama.

15. Lilly, the only properly joined and served defendant, is a citizen of the State of Indiana. It is a corporation incorporated under the laws of Indiana, and it has its principal place of business at the Lilly Corporate Center, Indianapolis, IN 46285.

16. Plaintiff alleges that defendant Ms. McCain is a resident of Alabama.

17. Plaintiff names fictitious defendants A-F; however, the citizenship of these fictitious defendants is irrelevant and must be disregarded pursuant to 28 U.S.C. § 1441(a).

18. This Court has jurisdiction over this matter based on diversity of citizenship. *See* 28 U.S.C §§ 1332 and 1441. While the citizenship of Ms. McCain may not be diverse from the Plaintiff's citizenship, Lilly removes this action based on the doctrine of fraudulent joinder. Disregarding the citizenship of the fraudulently joined Ms. McCain, there is diversity of citizenship between Plaintiff and the remaining defendant, Lilly. Further, the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs.

19. Ms. McCain should be disregarded for purposes of determining jurisdiction under 28 U.S.C. §§ 1332 and 1441(b) on the grounds of fraudulent joinder. *See Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359-1360 (11th Cir. 1996), *abrogated on other grounds, Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). For the reasons set

forth below, there is no possibility Plaintiff will be able to establish liability against Ms. McCain under the allegations of the Complaint.

## THE FRAUDULENTLY JOINED DEFENDANT

20. Fraudulent joinder does not require proof of fraud. Rather the doctrine of fraudulent joinder permits the Court to ignore the citizenship of a non-diverse defendant where there is "no possibility that the plaintiff can establish any cause of action against the resident defendant." *See Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997).

21. The potential for legal liability "'must be reasonable, not merely theoretical.'" *Legg v. Wyeth*, No. 04-13489 at 15, n.5 (11th Cir. October 25, 2005) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 1992)) (Attached as Exhibit "C"). The Eleventh Circuit in *Legg*, noted that "possible must mean 'more than such a possibility that a designated residence can be hit by a meteor tonight. That is possible. Surely, as in other instances, reason and common sense have some role.'" *Id.* (citing *Braden v. Wyeth*, CV-04-PT-235-E (N.D. Ala. June 30, 2004)). Ms. McCain was fraudulently joined because reason and common sense dictate that there is no possibility Plaintiff can prevail on any of the claims asserted against her.

22. Plaintiff alleges causes of action under the Alabama extended manufacturer's liability doctrine ("AEMLD") and for strict products liability, negligence, breach of express warranty, breach of implied warranty, fraud, negligent misrepresentation, and fraud by concealment. *See* Compl. at ¶¶ 22-74.

23. There is no reasonable basis for predicting that Ms. McCain would be held liable because, under Alabama law, there is no cause of action against pharmaceutical representatives for injuries caused by the drugs they represent. *See In re Rezulin Products Liability Litigation*, 133 F. Supp. 2d 272, 287 (S.D.N.Y. 2001) ("*Rezulin I*") (applying Alabama

law) (finding resident pharmaceutical representatives fraudulently joined in claims for product liability under the AEMLD, negligence, wantonness, fraudulent misrepresentation, and fraudulent suppression). An AEMLD claim may be asserted only against manufacturers and sellers of the product at issue, not individual defendants, such as Ms. McCain. *See Turner v. Azalea Box Co.*, 508 So. 2d 253, 254 (Ala. 1987) ("In an AEMLD action, the plaintiff must prove that the defendant manufactured and/or sold the allegedly defective product"). Since Ms. McCain is neither a manufacturer nor a seller of the prescription medicine Zyprexa®, she cannot be held liable under the AEMLD. *Rezulin I*, 133 F. Supp. 2d at 287 (AEMLD claim is not cognizable against pharmaceutical representatives); *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001) (AEMLD claim and claims of negligence, wantonness, and civil conspiracy are not cognizable against individual sales representatives employed by defendant cigarette manufacturer). The AEMLD does not impose liability on the lower level employees of a seller or supplier, because "neither the applicable case law nor the policy objectives articulated by Alabama and other state courts can support the extension of the AEMLD to encompass [employees of the seller or supplier]." *Bowman v. Coleman Co., Inc.*, No. 96-0448-P-C, Slip Op. at 8 (S.D. Ala. Sept. 3, 1996). Accordingly, since there is no legal basis for the claims made against Ms. McCain, she is fraudulently joined.

24. Plaintiff also makes no specific factual allegations regarding any conduct of Ms. McCain with respect to any of Plaintiff's claims. Instead, Plaintiff makes only broad conclusory assertions by simply lumping Ms. McCain and the "fictitious defendants" together with Lilly. (*See, e.g.*, Compl. at ¶ 38 ("Defendants so negligently and carelessly manufactured, compounded, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine, over promoted and supplied the

aforesaid product, that it was dangerous and unsafe for the use and purpose for which it was intended.")) Such allegations are not sufficient to state a factual basis for any claim against Ms. McCain. *See, e.g., Lizana v. Guidant Corp.*, No. 1:03cv254, slip op. at 5 (S.D. Miss. Jan. 21, 2004) (finding sales representative fraudulently joined, and observing that a "plaintiff wishing to defeat a fraudulent joinder claim must plead specific facts and avoid advancing claims in general terms or make mere allegations of wrongdoing on the part of the non-diverse defendant"); *In re Rezulin Prods. Liab. Litig*, 168 F. Supp. 2d 136, 140 (S.D.N.Y. 2001) ("*Rezulin II*") (pharmaceutical representative was fraudulently joined where plaintiff made "no specific allegations" against him); *see also Wiggins*, 2001 WL 34013629, at *3 n.4 (finding resident defendant fraudulently joined because "plaintiffs ma[de] no specific allegation[s] against [the instate defendant] at all in any of the eight counts of the complaint"), *aff'd*, 37 Fed. Appx. 980 (11th Cir. 2002); *Lyons v. American Tobacco Co.*, No. 96-0881-BH-S, 1997 WL 809677, at *5 (S.D. Ala. Sept. 30, 1997) (holding that there is "no better admission of fraudulent joinder of [the resident defendants]" than the failure of the plaintiff "to set forth any specific factual allegations" against them).

25.  There is no possibility that Plaintiff will prevail on any of his claims against Ms. McCain because Plaintiff has not alleged and cannot allege that Ms. McCain personally participated in any alleged wrongdoing. *See, e.g., Stern v. Wyeth*, No. 02-80620-CIV-MARRA, at 6 (S.D. Fla. Jan. 22, 2003) (denying plaintiff's motion to remand where plaintiff failed to adequately allege "personal involvement" by an employee defendant in the alleged tortious conduct of the corporate defendant employer); *Kimmons v. IMC Fertilizer*, 844 F. Supp. 738, 740 (M.D. Fla. 1994) (defendant fraudulently joined where no allegations of personal participation were made). In fact, Ms. McCain, took no action independent of Lilly, had no

involvement in the manufacture or development of Zyprexa®, had no involvement in the preparation of package inserts, had no control over the content of written warnings and, at all times, acted within the scope of her employment by Lilly. *See* Exhibit "B."

26. There is no possibility that Plaintiff could prevail on his warranty claims against Ms. McCain because she is not a supplier or seller of Zyprexa®. *See* Exhibit "B." The *sine qua non* of a breach of warranty claim -- whether for breach of express warranty or breach of implied warranty -- is that a warranty is made only by "the seller" of the goods. *See* Ala. Code § 7-2-313(1) & 7-2-314(1) (2002) (both express and implied warranty claims refer to the creation of warranties by the "seller"). The seller of a product is, as a matter of law, the corporate entity that makes the sale -- not the employee of the corporation. *See Rezulin I*, 133 F. Supp. 2d at 286 ("seller" who makes warranties about a prescription medicine is the "pharmaceutical manufacturer," and not the professional representative); *see also Laboto v. Pay Less Drug Stores, Inc.*, 261 F.2d 406, 408 (10th Cir. 1958) (drug store employee who sold defective product was fraudulently joined because he was not a "seller" and thus could not be held liable for breach of warranty); *Johnson v. Parke-Davis*, 114 F. Supp. 2d 522, 525 (S.D. Miss. 2000) ("Plaintiffs have not cited any authority for the proposition that a sales representative, as opposed to the manufacturer of the product he or she was selling, would ever be liable as the warrantor of the product"); *McCurtis v. Dolgencorp, Inc.*, 968 F. Supp. 1158, 1160 (S.D. Miss. 1997) (stating that courts cannot hold sales representatives liable for breach of warranty when they are "not in the business of selling products but rather are employed in the business of selling products") (emphasis added) (citations omitted).

27. Plaintiff's fraud allegations state no cause of action against Ms. McCain for fraud or fraud by concealment because Plaintiff has failed to plead with the particularity

required by Ala. R. Civ. P. 9(b) and Fed. R. Civ. P. 9(b). Where a claim sounding in fraud fails to satisfy Fed. R. Civ. P. 9(b), the plaintiff cannot state a cause of action against Ms. McCain and she is joined fraudulently. *See, e.g., Miller v. Mobile County Board of Health*, 409 So. 2d 420, 422 (Ala. 1981) (dismissing plaintiff's fraudulent concealment claim pursuant to Ala. R. Civ. P. 9 where the complaint failed to "show time, place and the contents or substance of the false representations, the facts misrepresented, and an identification of what has been obtained"); *Rezulin I*, 133 F. Supp. 2d at 283-84 (finding sales representative fraudulently joined due to plaintiff's failure to plead fraud claims with particularity); *Wakeland v. Brown & Williamson Tobacco Corp.*, 996 F. Supp. 1213, 1221 (S.D. Ala. 1998) (failure to allege particular facts supporting claims against defendants violated Rule 9(b) and resulted in finding of fraudulent joinder). Whether a claim sounds in fraud depends not on "the label used in the pleading," but on whether the "wording and imputations of the complaint are classically associated with fraud." *Rombach v. Chang*, 355 F.3d 164, 172 (2d Cir. 2004); *see also Rezulin I*, 133 F. Supp. 2d at 285 (reasoning that, "although plaintiffs have characterized their claims as being for negligence, in substance they charge fraud" and thus trigger Rule 9(b)). Here, not only has plaintiff failed to identify any prescribing physician(s) in his Complaint and failed to show that Ms. McCain ever promoted or sold the drug to any of his prescribing physician(s), there are also no statements attributed to Ms. McCain. *See* Compl. at ¶¶ 1 to 74.

28. For the reasons stated above, Plaintiff's Complaint states no cause of action against Ms. McCain under the AEMLD or for products liability, negligence, negligent misrepresentation, fraud, fraudulent concealment, or breach of warranty.

**PROCEDURAL REQUIREMENTS**

29. This Court has jurisdiction over this matter based on diversity of citizenship. *See* 28 U.S.C. §§ 1332 and 1441.

30. Lilly was served with the Complaint on October 6, 2005, accordingly, this Notice is timely, as it was filed within (a) thirty days after receipt by Lilly of the notice from which it first ascertained that the case was one which was removable and (b) within one year of the filing of the Complaint.

31. Although consent is not needed where a co-defendant has not been served at the time of removal, Yolanda McCain, the sales representative formerly known as "Yolanda Brown" has consented to removal. *See* Exhibit "B." Consent is also not needed where Ms. McCain was fraudulently joined. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Wiggins v. American Home Products Corp.*, No. 01-J-2303-NW, 2001 WL 34013629, *3 (N.D. Ala. Oct. 2, 2001).

32. The United States District Court for the Middle District of Alabama is the federal judicial district encompassing the Circuit Court of Bullock County, Alabama, where this suit was originally filed. Venue, therefore, is proper in this district under 28 U.S.C. § 1441(a).

33. Written notice of the filing of this Notice of Removal will be given to the Plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of the Circuit Court for Bullock County, Alabama, as provided by 28 U.S.C. § 1446(d).

WHEREFORE, notice is hereby given that this action is removed from the Circuit Court of Bullock County, Alabama, to the United States District Court for the Middle District of Alabama.

DATED this 31st day of October, 2005

Respectfully submitted,

_____
James C. Barton, Jr.
Bar Number: ASB-0237-B51J
Email: jbartonjr@jbpp.com

Alan D. Mathis
Bar Number: ASB-8922-A59M
Email: adm@jbpp.com

Johnston Barton Proctor & Powell LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203

Attorneys for defendant
Eli Lilly and Company

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal was served by first class mail, postage prepaid, on this 31st day of October 2005 upon the following:

E. Frank Woodson
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, Alabama 36103-4160

_____
Of Counsel

W0531404.DOC