RECEIVED
2005 OCT 31 P 2: 35

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHAHEED MUHAMMAD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ELI LILLY AND COMPANY; and )<br>YOLANDA BROWN, Sales )<br>Representative, and FICTITIOUS )<br>DEFENDANTS A, B, C, D, E, and F, )<br>being those persons, sales representatives, )<br>firms or corporations, whose fraud, )<br>scheme to defraud, negligence, and/or )<br>other wrongful conduct caused or )<br>contributed to the Plaintiff's injuries and )<br>damages, and whose true names and )<br>identities are presently unknown to the )<br>Plaintiff but will be substituted by )<br>amendment when ascertained, )<br>)<br>Defendants. | CASE NO.: 05-1046<br><br>MOTION TO STAY |

**MOTION BY DEFENDANT ELI LILLY AND COMPANY TO STAY ALL
PROCEEDINGS PENDING TRANSFER DECISION BY THE JUDICIAL
PANEL ON MULTIDISTRICT LITIGATION**

INTRODUCTION

Defendant, Eli Lilly and Company ("Lilly") respectfully moves this Court to stay all proceedings in this action pending its transfer to *In re Zyprexa Prods. Liab. Litig.* (MDL-1596), which is the MDL proceeding established in the Eastern District of New York to coordinate all products liability cases sharing allegations concerning the safety of Zyprexa®. This case has been filed with the Middle District of Alabama as a related case to *Speaks v. Lilly*, No. 2:05-cv-873-F (M.D. Ala. September 12, 2005). On October 27, 2005, this Court granted a Motion to Stay in *Speaks* on the same grounds argued in this Motion to Stay, namely that all

proceedings in this Court should be stayed pending a final decision from the Judicial Panel on Multidistrict Litigation (the "Panel") on transfer of this case to the Eastern District of New York (the "MDL Court"). *See Speaks v. Lilly* Order, attached as Exhibit "A."

This case, like *Speaks,* shares with many other cases originally filed in both federal and state courts around the country, already transferred to MDL-1596, common questions of fact and law involving the prescription medication Zyprexa®, including its safety profile, marketing, and the adequacy of its labeling. Lilly is in the process of notifying the Panel that this action is suitable for transfer to MDL-1596, by filing a "tag-along" action pursuant to J.P.M.L. Rule 7.5. The Panel is expected shortly to issue a Conditional Transfer Order relating to this case. Accordingly, to achieve the judicial economies underlying Section 1407, Lilly asks this Court to stay all proceedings in this action and refrain from addressing any issue pending transfer of this case to the MDL Court.

## BACKGROUND

### A.   MDL-1596

As of October 3, 2005, more than two hundred Zyprexa® cases have been filed in or transferred to the MDL Court, by the Panel, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 ("MDL-1596"). Each of these cases presents overlapping questions of fact and they allege similar theories of liability and injury stemming from plaintiffs' alleged treatment with Zyprexa®. For example, plaintiffs are seeking or likely will seek much of the same discovery from Lilly pertaining to its development and pre-market and post-market testing of Zyprexa®, including depositions of the same employees and experts.

The Panel, in its initial Transfer Order, stated that all the cases "share allegations concerning the safety of Zyprexa, a prescription drug used in the treatment of schizophrenia." The Panel further found that the cases involved common questions of fact and that centralization

under Section 1407 will serve the convenience of the parties and witnesses and promote the "just and efficient conduct of this litigation." April 14, 2004 Transfer Order, *In re Zyprexa Prods. Liab. Litig., Docket No. 1596*, attached as Exhibit "B". The Panel also observed that "Section 1407 centralization will thus enable pretrial proceedings to be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties." *Id.*

B.  **The Instant Action**

Plaintiff commenced this action on October 3, 2005, by filing his Complaint in the Circuit Court of Bullock County, Alabama, bearing Case Number CV-05-108. On October 6, 2005, Lilly was served with a copy of Plaintiff's complaint. On October 31, 2005, Lilly removed this action to this Court based on diversity jurisdiction under 28 U.S.C. § 1332, filed an Answer to the Complaint, joined in Plaintiff's Jury Demand and filed this Motion to Stay.

There is no dispute that this case involves the same factual inquiries that the Panel noted were present in Zyprexa® cases generally, which warranted coordinated or consolidated pre-trial proceedings in the Eastern District of New York. Specifically, it is clear from the face of the Complaint that this case, like other Zyprexa® cases, focuses on the alleged health risks (including metabolic issues) when taking Zyprexa®, a psychotropic agent, and whether or not Lilly knew of these risks and failed to disclose them to the medical community and consumers. For example, Plaintiff alleges that "Defendants . . . aggressively marketed and sold Zyprexa by falsely misleading potential users about the products and by failing to protect users from serious dangers which Defendants knew or should have known to result from use of Zyprexa." (*See* Compl. at ¶ 13).

## ARGUMENT

### I. THIS CASE SHOULD BE STAYED PENDING TRANSFER TO THE MDL

This Court should exercise its discretion to stay action on all proceedings pending transfer of this case for consolidated or coordinated pretrial proceedings before Judge Weinstein, the MDL transferee judge, who is familiar with all of the common factual and legal issues relating to the Zyprexa® cases. When the Panel has already decided that coordination is appropriate, and has designated a venue for the coordinated proceedings, numerous courts have held that a stay is appropriate pending conditional transfer of those proceedings. *See, e.g., New Mexico State Investment Council v. Alexander*, 317 B.R. 440, 446 (D.N.M. 2004); *Mathern v. Wyeth*, No. 04-2116, 2004 WL 1922028, at *1 (E.D. La. Aug. 25, 2004); *Knearem v. Bayer Corp.*, No. 02-2096-CM, 2002 WL 1173551, at *1 (D. Kan. May 7, 2002); *Jackson v. Johnson & Johnson, Inc.*, No. 01-2113-DA, 2001 WL 34048067, at *6 (W.D. Tenn. Apr. 3, 2001). A stay of proceedings should be granted in this action because it will promote judicial economy, avoid inconsistent rulings by different district courts and avoid prejudice to both plaintiff and defendant.

#### A. The Court Has The Inherent Power To Stay Proceedings In The Interests Of Judicial Economy And Uniformity

This Court's power to stay its proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1967) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). Granting a stay pending a decision by the Panel to transfer the action "is within the court's discretion and it is appropriate

when it serves the interests of judicial economy and efficiency." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (citations omitted).

Federal courts and the Panel have consistently recognized that such stays are proper even when the federal court's jurisdiction is challenged on remand, leaving such jurisdictional challenges to be resolved by the MDL court. *See, e.g., In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (recognizing authority to stay action despite pending remand motion); *In re Amino Acid Lysine Antitrust Litig.*, 910 F. Supp. 696, 700 (J.P.M.L. 1995) (ordering consolidation and transfer and recognizing that "the pending motion to remand . . . can be presented to and decided by the transferee judge"); *Med. Soc'y v. Conn. Gen.. Corp.*, 187 F. Supp. 2d 89, 91 (S.D.N.Y. 2001) (declining to decide motion to remand pending transfer decision by the MDL Panel); *Aikens v. Microsoft Corp.*, No. 00-0242, 2000 WL 310391, at *1 (E.D. La. Mar. 24, 2000) (declining to decide motion to remand pending transfer decision by the MDL Panel); *Johnson v. AMR Corp.*, No. 1:95-cv-07664, 1996 WL 164415, at *3-4 (N.D. Ill. Apr. 3, 1996) (staying ruling on jurisdictional motion pending transfer decision by the JPML).

B.   <u>A Stay Would Promote Judicial Economy And Efficiency</u>

Due to the overlapping factual issues and the similarities of the legal theories propounded in the Zyprexa® cases pending in federal court, including this action, a great deal of work would be needlessly duplicated if pretrial proceedings and discovery were to go forward on a parallel track with MDL-1596. Most courts have granted motions to stay when there is the potential for inefficient use of judicial resources, as is the case where transfer by the Panel is pending. *See e.g., Rivers* 980, F. Supp. at 1362 ("[A] majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved.").

Moreover, should this Court deny the stay request, any rulings that this Court makes prior to its transfer to Judge Weinstein's court will most likely be reconsidered after transfer. It was this concern that prompted the *U.S. Bank* court to note, "[i]f the MDL motion is granted, all of the Court's time, energy and acquired knowledge regarding the action and its pretrial procedures will be wasted." *U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.*, No. 3:02-CV-0853-P, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002) (granting defendant's motion to stay). Therefore, this Court should not waste its limited resources "familiarizing itself with the intricacies of a case that would be heard [for pre-trial purposes] by another judge." *Rivers*, 980 F. Supp. at 1360.

Judicial economy would also be served by having Judge Weinstein decide any remand motions filed in this and in any other state cases that have been removed on identical grounds. Fraudulent joinder is not a "local issue" bound to the transferor district, in fact, quite to the contrary, the issue has become increasingly important in MDL litigation, and MDL transferee courts have efficiently and effectively resolved the issues in cases sent to them by the Panel.

The transferee court in the diet drug litigation, for example, has frequently addressed fraudulent joinder and has created a body of case law that provides valuable consistency and guidance for all involved. Judge Bartle recently addressed a motion to remand in an action where a defendant removed based upon fraudulent joinder and the plaintiff moved to remand. *In re Diet Drugs Prods. Liab. Litig.*, MDL 1203, No. 03-20370, 2004 WL 2624851 (E.D.Pa. Nov. 18, 2004). The transferor court deferred ruling on the plaintiff's motion and the Panel transferred the action to Judge Bartle. Evaluating the evidence presented, and by reference to his earlier rulings on fraudulent joinder in *Anderson v. American Home Products*, 220 F. Supp. 2d 414 (E.D.Pa. 2002), Judge Bartle denied the motion to remand. The transferee courts

in the *Baycol* and *Rezulin* litigations have similarly addressed motions to remand based upon fraudulent joinder in actions before them. *See, e.g., In re Baycol Prods. Liab. Litig.*, MDL 1431, No. 02-4835, 2003 WL 21223842 (D.Minn. May 27, 2003) (nondiverse physician fraudulently joined, motion to remand denied); *In re Baycol Prods. Liab. Litig.*, MDL 1431, No. 02-129, 2002 WL 32155268 (D.Minn. May 24, 2002) (nondiverse pharmacy fraudulently joined to defeat diversity, motion to remand denied); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272 (S.D.N.Y. 2001) (denying motions to remand where sales representatives and physicians fraudulently joined, granting one motion where codefendant did not consent to removal).

Lilly has removed several actions pending in state courts around the country, including the present action, on the basis that plaintiffs have contrived to fraudulently join nondiverse parties in order to frustrate Lilly's statutory right of removal. Should plaintiffs decide to oppose the transfer, Judge Weinstein, as MDL transferee judge, will be able to provide a consistent approach to the issue, thus avoiding inconsistent or aberrant jurisdictional rulings. The Second Circuit endorsed just this approach in *In re Ivy*, where, in the context of jurisdictional objections in Agent Orange actions, it reasoned that:

> The jurisdictional issue in question is easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation. . . and there are real economies in transferring such cases to Judge Weinstein. . . . Once transferred, the jurisdictional objections can be heard and resolved by a single court and resolved by a single court . . . . Consistency as well as economy is thus served. We hold, therefore, that the MDL Panel has jurisdiction to transfer a case in which a jurisdictional objection is pending.

901 F. 2d at 9. Similarly, the Panel has also endorsed this approach in the Zyprexa® litigation. *See* August 12, 2005 Transfer Order, *In re Zyprexa Prods. Liab. Litig., Docket No. 1596* (attached as Exhibit "C") (stating that the pending motions for remand "can be presented to and

decided by the transferee court") (citing *In re Ivy*, 901 F.2d 7; *In re Prudential Ins. Co. of America Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001)).

Permitting this case to be transferred to the Eastern District of New York would also promote judicial economy by allowing all other substantive pretrial issues in the Zyprexa® cases to be handled by Judge Weinstein, who has been dealing with Zyprexa® issues for over a year and a half. MDL courts regularly decide *Daubert* and dispositive motions before they return a case to the original transferor court. *See, e.g., In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531 (S.D.N.Y. 2004) (excluding plaintiffs' causation and regulatory experts under *Daubert*); *In re Propulsid Prods. Liab. Litig.*, 261 F. Supp. 2d 603 (E.D. La. 2003) (granting defendant pharmaceutical manufacturer's motion for summary judgment). Judge Weinstein has devoted substantial time and resources to analyzing numerous jurisdictional, factual and legal issues that have been raised in these cases. By granting the requested stay, this Court can avoid the unnecessary duplication of Judge Weinstein's efforts and use its resources to attend to other cases on its docket.

C. **A Stay Will Prevent Inconsistent Decisions On Common Factual And Legal Issues, Including Remand**

Granting a stay will allow this Court to avoid inconsistent decisions in this case and in any other Zyprexa cases that have been removed and which present identical jurisdictional issues. As the JPML recognized long ago, the "remedial aim" of multidistrict litigation is "to eliminate the potential for conflicting contemporaneous pretrial rulings by coordinate district and appellate courts in multidistrict related civil actions." *In re Plumbing Fixture Cases*, 298 F.

Supp. 484, 491-92 (J.P.M.L. 1968). Thus, to avoid risking inconsistent substantive legal rulings, district courts regularly stay pretrial proceedings.[1]

### D. A Stay Will Avoid Prejudice To All Parties

Denying a stay will result in substantial prejudice, hardship and inequity to Lilly because Lilly will be subject to duplicative discovery and motion practice. *See American. Seafood, Inc. v. Magnolia Processing, Inc.*, Nos. 92-1030, 92-1086, 1992 WL 102762, at *2 (E.D.Pa. May 7, 1992) (holding that "[t]he duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendant weight heavily in favor of a stay."). It is inevitable that plaintiffs across the country will notice the same set of Lilly employees and former employees for deposition, and, without a stay, the risk exists that Lilly will have to produce these witnesses multiple times in different jurisdictions. Further, absent a stay, it is likely that Lilly will be forced to litigate the same jurisdictional, substantive and procedural issues multiple times in multiple courts. Moreover, a stay of proceedings will benefit all parties in this matter, including plaintiff, because of the increased efficiency and coordinated pretrial case management available in the MDL proceedings.

In contrast, Plaintiff will suffer little if any prejudice if this case is stayed. Issuance of the transfer order is imminent, and tag-along proceedings generally move quickly.

---

[1] *See, e.g., In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (recognizing that "[c]onsistency as well as economy is thus served" when proceedings are stayed pending transfer); *Mathern*, 2004 WL 1922028, at *1 ("a stay of this case pending transfer to the MDL will promote judicial efficiency and avoid conflicting rulings"); *Knearem*, 2002 WL 1173551, at *1 ("Granting a stay of this litigation avoids the possibility of inconsistent pretrial rulings"); *Med. Soc'y*, 187 F. Supp. 2d at 92 (granting stay of all proceedings, including remand motion, because "there are significant economies in having a single court decide a jurisdictional question which has arisen and presumably will continue to arise in cases around the nation"); *Good*, F. Supp. 2d at 807 (granting a stay pending a transfer decision by the JPML because "[t]he purpose of such transfers is . . . to ) eliminate the potential for conflicting pretrial rulings"); *Rivers*, 980 F. Supp. at 1360-61 (concluding that, *inter alia*, the potential for conflicting decisions weighed in favor of a stay); *American Seafood*, 1992 WL 102762, at *2 ("judicial economy and prejudice to defendant weigh heavily in favor of [a] stay" when defendant may be forced to litigate similar motions that may result in conflicting rulings).

*See, e.g., Good v. Prudential Ins. Co.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (granting a stay where "a stay pending a final decision by the MDL Panel would likely be brief"); *Tench v. Jackson Nat'l Life Ins. Co.*, No. 99-cv-5182, 1999 WL 1044923, at *2 (N.D. Ill. Nov. 12, 1999) (granting a stay as plaintiff would suffer no prejudice from the short delay). Other courts have similarly concluded that the long-run benefits of a stay greatly outweigh any potential minimal short-run costs. *See Egon v. Del-Val Fin. Corp.*, No. 90-4338, 1991 WL 13726, at *1 (D.N.J. Feb. 1, 1991) ("[E]ven if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay"); *Arthur-Magna, Inc. v. Del-Val Fin. Corp.*, No. 90-4378, 1991 WL 13725 (D.N.J. Feb. 1, 1991) (noting that even if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay); *Rosenfeld v. Hartford Fire Ins. Co.*, Nos. 88-cv-2153, 88-cv-2252, 1988 WL 49065, at *2 (S.D.N.Y. May 12, 1988) ("While [plaintiffs] may suffer some initial delay, once the cases are coordinated and the defendants are able to respond to all the complaints in a coordinated manner, more time may well be saved than was lost.").

## CONCLUSION

For the foregoing reasons, Lilly respectfully requests that this Court grant its motion to stay all proceedings in this case pending transfer to the MDL proceeding that has been established in the Eastern District of New York.

Respectfully submitted,

*/s/ Alan D. Mathis*
James C. Barton, Jr.
Bar Number:   ASB-0237-B51J
Email: jbartonjr@jbpp.com

Alan D. Mathis
Bar Number:   ASB-8922-A59M
Email: adm@jbpp.com

Johnston Barton Proctor & Powell LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama  35203

Attorneys for defendant
Eli Lilly and Company

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation was served by first class mail, postage prepaid, on this 31st day of October, 2005 upon the following:

E. Frank Woodson
Beasley, Allen, Crow, Methvin,
Portis & Miles, P.C.
P.O. Box 4160
Montgomery, Alabama 36104
(334)269-2343

_____
Of Counsel

W0531414.DOC