**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **SHAHEED MUHAMMAD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CASE NO.: 2:05-cv-01046 |
| ) | |
| **ELI LILLY AND COMPANY;** and ) | |
| **YOLANDA BROWN, Sales** ) | |
| **Representative,** and **FICTITIOUS** ) | |
| **DEFENDANTS A, B, C, D, E,** and **F,** ) | **MEMORANDUM OF LAW IN** |
| being those persons, sales representatives, ) | **OPPOSITION TO PLAINTIFF'S** |
| firms or corporations, whose fraud, ) | **MOTION TO REMAND** |
| scheme to defraud, negligence, and/or ) | |
| other wrongful conduct caused or ) | |
| contributed to the Plaintiff's injuries and ) | |
| damages, and whose true names and ) | |
| identities are presently unknown to the ) | |
| Plaintiff but will be substituted by ) | |
| amendment when ascertained, ) | |
| ) | |
| **Defendants.** | |

**ELI LILLY AND COMPANY'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendant Eli Lilly and Company ("Lilly"), hereby submits the following Memorandum of Law in Opposition to Plaintiff's Motion to Remand.

**PRELIMINARY STATEMENT**

In this pharmaceutical product liability action where Plaintiff and the defendant manufacturer are citizens of different states, Plaintiff has sought to avoid federal jurisdiction by fraudulently naming a local sales representative, Yolanda McCain (incorrectly named as "Yolanda Brown" in Plaintiff's Complaint, hereinafter "Ms. McCain") as a defendant. There are no specific allegations against Ms. McCain, and Plaintiff's Complaint fails to even identify a

single doctor who prescribed Zyprexa, or a single statement (false or otherwise) uttered by Ms McCain.

Plaintiff, who hastily filed this motion to remand 24 hours after Lilly's removal papers were filed with this Court, has submitted what can only be characterized as a stale brief, which ignores current case law in the Eleventh Circuit and other Alabama precedent. Plaintiff completely fails to cite the Eleventh Circuit's most recent case, which held that naming sales representatives to avoid federal jurisdiction can, at best, be "characterized as a sham, at the unfair expense, not only of [the Company], but of many individuals and small enterprises that are being unfairly dragged into court simply to prevent the adjudication against [the Company], the real target, in a federal forum." *Legg v. Wyeth,* No. 04-13489, 2005 U.S. App. Lexis 23003 at *5 (11th Cir. October 25, 2005) (citing *Anderson v. Am. Home Prods. Corp.,* 220 F. Supp. 2d 414, 425 (E.D. Pa. 2002)). The *Legg* Court cautioned that, "[t]he removal process was created by Congress to protect defendants. Congress 'did not extend such protections with one hand, and with the other hand give plaintiffs a bag of tricks to overcome it.'" *Id.* at *20 (quoting *McKinney v. Bd. of Trustees of Mayland Cmty. Coll.,* 955 F.2d 924, 928 (4th Cir. 1992)).

Plaintiff also fails to cite to controlling Alabama Supreme Court case law from 2003 concerning retailer liability under AEMLD, misleadingly stating that the Supreme Court "has yet to rule on the issue." *See* Pl.'s Brief at 12 (citing *Tillman v. R.J. Reynolds Tobacco,* 253 F.3d 1302, 1305 (11th Cir. 2001) (*"Tillman I"*) (petitioning Alabama Supreme Court to answer a certified question regarding retailer liability under the AEMLD).[1] Plaintiff's motion for remand should be denied.

---

[1] The Supreme Court of Alabama answered the certified question raised in *Tillman I* in 2003. *See Tillman v. R.J. Reynolds Tobacco Co.,* 871 So.2d 28 (Ala. 2003) (finding no viable claim against tobacco *retailers* under AEMLD and holding that negligence and wantonness claims are not subsumed) ("*Tillman II*").

In the alternative, this Court should defer ruling on Plaintiff's motion to remand because this case, along with two other cases in which identical remand motions have been filed,[2] is pending transfer to *In re Zyprexa Prods. Liab. Litig.* ("MDL-1596"), which is the proceeding established in the Eastern District of New York to coordinate all products liability cases sharing allegations concerning the safety of Zyprexa®. Arguments in support of a stay are detailed in Lilly's Motion to Stay and Lilly's Reply to Plaintiff's Opposition to Lilly's Motion to Stay filed with this Court, and are incorporated herein.

## ARGUMENT

**A.     There Is No Legal Basis To Predict That Plaintiff Will Prevail On Any Of His Claims Against Ms. McCain Under Alabama Law.**

Ms. McCain was fraudulently joined because "there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998). The Eleventh Circuit in *Legg* explained that "possible must mean 'more than such a possibility that a designated residence can be hit by a meteor tonight. That is possible. Surely, as in other instances, reason and common sense have some role.'" 2005 U.S. App. Lexis 23003 at *19, n.5 (citing *Braden v. Wyeth*, CV-04-PT-235-E (N.D. Ala. June 30, 2004)). This supports the court in *In re Rezulin Prods. Liab. Litig.* ("*Rezulin I*"), which noted that "[t]he statement . . . that a defendant must establish that there is 'no possibility' that the plaintiff might prevail against a non-diverse defendant . . . cannot be taken literally [,] [because] there always would be a 'possibility,' however remote, that the

---

[2]     Plaintiff's counsel in this case has also filed a Motion to Remand in the *McCray-Martin v. Lilly* case (No. 2:05-cv-01048) (Thompson, J.) and the *Crimes v. Lilly* case (2:05-cv-01047) (Fuller, J.). Moreover, two related cases in Alabama District Courts received stays by consent of the parties and have since been transferred to the MDL. *See Speaks v. Lilly* (No. 2:05-cv-873-F) (Fuller, J.) (stay requested by consent motion granted pending transfer to the MDL) *and McTier v. Lilly* (No. 2:05-cv-607) (Thompson, J) (same).

court or legislature might change its mind so as to permit the plaintiff to prevail." 133 F. Supp. 2d 272, 280 n.4 (S.D.N.Y. 2001).

### 1. Ms. McCain is not a "seller" or "supplier" under the AEMLD.

To establish liability under the AEMLD, a plaintiff must prove the defendants sold or supplied the product in question. *See Spain v. Brown & Williamson Tobacco Corp.*, 230 F.3d 1300, 1308 (11th Cir. 2000) (plaintiff must prove that "'an injury was caused by *one who sold a* product in a defective condition that made the product unreasonably dangerous to the ultimate user or consumer . . . '" in order to prevail on AEMLD claim) (emphasis added); *see also* Pl.'s Brief at 10-11 (asserting that a manufacturer, supplier or seller is subject to liability under the AEMLD once the defective product is put into the stream of commerce) (citing *First Nat'l Bank of Mobile v. Cessna Aircraft Co.,* 365 So. 2d 966, 968 (Ala. 1978)). Ms. McCain's *uncontroverted* Declaration establishes that she did not sell or supply the product in question, instead, her job was limited to "[providing] approved information to physicians about certain prescription medicines sold by Lilly." *See* Declaration of Yolanda McCain, attached as Exhibit "A." This undisputed Declaration conclusively establishes that Lilly, not Ms. McCain, is the seller. *See Legg*, 2005 U.S. App. Lexis 23003, *13-14 (noting that where a declaration or affidavit is not disputed, "the court cannot then resolve the facts in the Plaintiffs' favor based solely on the unsupported allegations in the Plaintiffs' complaint").

The AEMLD does not impose liability on the lower level employees of a seller or supplier, because "neither the applicable case law nor the policy objectives articulated by Alabama and other state courts can support the extension of the AEMLD to encompass [employees of the seller or supplier]." *Bowman v. Coleman Co., Inc.*, No. 96-0448-P-C, Slip. Op. at 8 (S.D. Ala. Sept. 3, 1996) (retail store manager is not a "seller"); *accord Rezulin I*, 133 F.

Supp. 2d at 287 (applying Alabama law) (pharmaceutical representatives are not sellers or suppliers of the prescription drug they represent).

The Alabama Supreme Court has pointed out that the AEMLD is "founded on broader moral notions of consumer protection and on economic and social grounds, placing the burden to compensate for loss incurred by defective products on the one best able to prevent the distribution of those products." *Atkins v. American Motors Corp.,* 335 So. 2d 134, 139 (Ala. 1976); *accord Bowman*, No. 96-0448-P-C, Slip. Op. at 6; *Rezulin I*, 133 F. Supp. 2d at 287. Ms. McCain is not the type of defendant that the Alabama Supreme Court intended to hold liable under the AEMLD doctrine because she is certainly not the one "best able to prevent the distribution of those products." *Id. Rezulin I* is on point. Like the Plaintiff here, plaintiffs in *Rezulin I* attempted to defeat diversity by joining the pharmaceutical manufacturer's Alabama sales representatives. 133 F. Supp. 2d at 287. The Court denied the motion to remand, holding:

> There is another problem with the Alabama complaint against the sales representative. The AEMLD is founded on "broader moral notions of consumer protection and on economic and social grounds, placing the burden to compensate for loss incurred by defective products on the one best able to prevent the distribution of these products." Accordingly, the AEMLD imposes liability only on manufacturers, sellers and suppliers. The sales representative joined in the Alabama case neither manufactured, sold nor supplied Rezulin. Rather, he was an agent of the manufacturer and seller. As a corporate employee, he was not "the one best able" to prevent sales of defective drugs. In light of the Alabama Supreme Court's clear explanation of the AEMLD's scope and purpose, there is no reasonable basis for supposing that it would impose liability on the sales representative in this case.

*Id.* (citing *Atkins,* 335 So. 2d at 139; *Turner v. Azalea Box Co.,* 508 So. 2d 253, 254 (Ala. 1987); *King v. S.R. Smith, Inc.,* 578 So. 2d 1285, 1287 (Ala. 1991)). Here, Ms. McCain, like the sales

representatives in *Rezulin I* cited above, is not a seller or supplier of Zyprexa®. Thus, she cannot possibly be held liable under the AEMLD.[3]

Shortly after the *Rezulin I* court's decision that Alabama law would not permit recovery against the pharmaceutical representative under the AEMLD, the Eleventh Circuit reached the same result with respect to claims against an in-state employee of a cigarette manufacturer. *See Tillman I,* 253 F.3d at 1305. In *Tillman I*, the plaintiff alleged that "by virtue of their positions with [the manufacturer defendant], [the employee defendants] had superior knowledge to that of the average consumer regarding the addictive nature of Winston cigarettes and the dangers and hazards attendant with smoking them." *Id.* The court held that this was not enough to state a claim against the employee defendant, who, like Ms. McCain, had no personal involvement in the design, manufacture, or labeling of the product at issue. *Id.; see also* Declaration of Yolanda McCain, Exhibit "A" (stating that she "had no involvement in the manufacture or development of Zyprexa®, or the preparation of package inserts, and had no control over content or other written warnings").

Plaintiff here alleges even less than the plaintiff in *Tillman I* and fails to allege the necessary active participation of Ms. McCain in the alleged misconduct of her employer. Like the plaintiff in *Tillman I,* Plaintiff here fails to state a viable claim against Ms. McCain. *Id; see also* Restatement Third of Torts: Products Liability § 20, Comment g (defining "One Who Sells

---

[3] *See Rezulin I,* 135 F. Supp. 2d at 287. A*ccord, In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.* ("*In re Diet Drugs*"), 220 F. Supp. 2d 414, 424-25 (E.D. Pa. 2002) (resident pharmaceutical representatives fraudulently joined); *Furlough v. Warner Lambert Co.*, Civil Action No. 01-0704 (W.D. La. Aug. 8, 2001 & Sept. 13, 2001) (Order adopting Report and Recommendation) (resident pharmaceutical representative fraudulently joined); *Dacosta v. Novartis AG*, 180 F. Supp. 2d 1178, 1183 (D. Or. 2001) (same); *Johnson v. Parke-Davis*, 114 F. Supp. 2d 522, 525 (S.D. Miss. 2000) (same; applying Mississippi law); *Louis v. Wyeth-Ayerst Pharm., Inc.*, No. 5:00CV102LN (S.D. Miss. Sept. 25, 2000) (same). *See also Abrusley v. Merck & Co., Inc.*, No. 02-0196 (W.D. La. July 23, 2002 & June 18, 2002) (Order adopting Report and Recommendation) (denying post-removal motion to amend to add in-state pharmaceutical representatives). *But see Barlow v. Merck & Co.,* Civ. Action No. 02-T-1227-N, Slip Op. at 1 (M.D. Ala. Dec. 19, 2002) (Thompson, J.) (order granting motion to remand and holding without explanation that the in-state employee defendants were not fraudulently joined).

or Otherwise Distributes"). Comment g to section 20 of the Restatement Third of Torts: Products Liability provides:

> Other means of commercial distribution: product distribution facilitators. Persons assisting or providing services to product distributors, . . . are not subject to liability under the rules of this Restatement. Thus, commercial firms engaged in advertising products are outside the rules of this Restatement, as are firms engaged exclusively in the financing of product sale or lease transactions. *Sales personnel and commercial auctioneers are also outside of the rule of this restatement.*

*Id.* (emphasis added).

Plaintiff makes no effort to distinguish *Rezulin I* or *Tillman I*. Instead, Plaintiff relies on decisions that predate the Eleventh Circuit's decision in *Tillman I* and ignores recent Alabama Supreme Court precedent. Plaintiff states that the Supreme Court was petitioned to answer a question similar to the issue of individual employee liability under the AEMLD, "but has not yet ruled on that issue." Pl.'s Brief at 12. This is inaccurate and an untrue statement of the law. The Eleventh Circuit decision in *Tillman I* established that there was no individual employee liability. *See Tillman I,* 253 F.3d at 1305. The certified question answered by the Alabama Supreme Court in *Tillman II* concerned the liability of retailers who conceded they were "sellers" under the AEMLD. *See* 871 So.2d 28 (holding retailers not liable because the product is not unreasonably dangerous). *Tillman II* does not support liability under the AEMLD for individual employees who are not "sellers." *See id.* The other cases cited by Plaintiff are either distinguishable or contain equally incorrect statements of the law.

Plaintiff's reliance on *Charles Bell* and *Clay* is easily distinguishable. The *Charles Bell* decision concerns venue and does not even mention the AEMLD. 496 So. 2d at 775. Moreover, in both *Clay* and *Charles Bell*, the court's finding that plaintiffs stated a cognizable claim against the in-state employees is based, in part, on the plaintiffs' allegations

that the employees' personally or actively participated in the alleged tortious conduct and the high-level position that the employees held with their respective companies. *Clay,* 77 F. Supp. 2d at 1224 (holding that claim of active participation in the sale and distribution of tobacco products may be possible against *Key Account Manager*, "given [his] position with Brown & Williamson") (emphasis added); *Charles Bell,* 496 So. 2d at 775 (*officer* of the corporation may be liable where complaint charges that officer "*personally participated* in the alleged fraud") (emphasis added). Plaintiff here fails to tie Ms. McCain, a non-management employee of Lilly, to the underlying allegations of the Complaint. *See Tillman I*, 253 F.3d at 1305.

Ms. McCain submitted a declaration that states she "provide[d] approved information to physicians about certain prescription medicines sold by Lilly," and that "all [of her] work relating to Zyprexa® was within the scope of her employment by Lilly." *See* Exhibit "A" (Declaration of Yolanda McCain). Her declaration refutes any unsupported allegations that she engaged in any activities outside the scope of her employment. *See Legg*, 2005 U.S. App. Lexis 23003 at *13-14 (plaintiff cannot rely on unsubstantiated allegations to rebut evidence in a signed declaration). Plaintiff here has not submitted any evidence to support his allegations that Ms. McCain personally participated in acts and omissions that harmed him.[4] He also fails to proffer any evidence to support the allegation that Ms. McCain ever made a personal representation to any of Plaintiff's prescribing physicians, and even fails to identify a single

---

[4] Plaintiff relies on allegations that "[t]he Resident Defendant called upon the Plaintiff's physician on numerous occasions, at which times she presented fraudulent information regarding Zyprexa, fraudulently suppressed material information regarding the safety and efficacy of Zyprexa, misrepresented the safety and efficacy of Zyprexa, and placed Zyprexa in the stream of commerce by supplying samples to Plaintiff's physician." Pl.'s Brief at 12-13; *see also* Pl.'s Compl.

prescribing physician. This is fatal to his claims under the AEMLD.[5] *See Legg,* 2005 U.S. App. Lexis 23003 at *13-14.

Plaintiff also seeks to have this Court adopt the reasoning set forth in *Seaborn* and *Clay*, where the District Court excused the lack of allegations of personal or active participation by the in-state employee defendants in the alleged misconduct of their employer.[6] *Seaborn*, 1996 WL 3621 at *3-4; *Clay*, 77 F. Supp. 2d at 1224. In both cases, the Judges reasoned that employers "act through their employees" and; therefore, plaintiffs "should he[*sic*] allowed to pursue these individual defendants, and, if, after discovery, it should turn out that she has named the wrong persons, she should be allowed to make substitutions." *Seaborn,* 1996 WL 3621 at *3-9; *Clay,* 77 F. Supp. 2d at 1224. These two decisions are inconsistent with the Eleventh Circuit's subsequent decision in *Tillman I* and the policies underlying the AEMLD as expressed in *Rezulin I*. The concern with the ability of plaintiffs to pursue individuals whose identity is unknown as of the commencement of an action is misplaced. A plaintiff is free to identify such unknown defendants as fictitious defendants in his or her complaint; however, the citizenship of such fictitious defendants must be ignored when evaluating the existence of complete diversity for purposes of removal. *See* 28 U.S.C. § 1441(a). Manipulation of the removal statute,

---

[5] *See Tillman I*, 253 F.3d at 1305 (holding that there is no cause of action against individual employees where plaintiff made no claim that he ever dealt with any of them or that they made any representations on which he relied); *Stern v. Wyeth*, No. 02-80620-CIV-MARRA, at *6 (S.D. Fla. Jan. 22, 2003) (denying plaintiff's motion to remand where plaintiff failed to adequately allege "personal involvement" by an employee defendant in the alleged tortious conduct of the corporate defendant employer); *Kimmons v. IMC Fertilizer,* 844 F. Supp. 738, 740 (M.D. Fla. 1994) (defendant fraudulently joined where no allegations of personal participation were made).

[6] Plaintiff cites an opinion of Judge Clemon of the Northern District of Alabama as consistent with the reasoning of *Seaborn*. Pl.'s Brief at 13-14 (citing *Acton v. R.J. Reynolds Tobacco Co.,* No. 96-C-2737-W (N.D. Ala. Oct. 23, 1996) (order granting Plaintiff's Motion To Remand). Such reliance is misplaced because the plaintiff in *Acton* asserted claims against resident corporate defendants as well as resident employee defendants. *Acton,* No. 96-C-2737-W, Slip. Op. at 1. (A copy of the Complaint and Amended Complaint in *Acton* are attached as Exhibit "B.") Judge Clemon's very brief order in *Acton*, however, does not state the grounds for remand, but merely remands the case as "improvidently removed" without specifying whether diversity was defeated by the presence of the corporate defendants, employee defendants, or both. *Id.*

however, is exactly what the fraudulent joinder doctrine seeks to avoid and is a practice that the Eleventh Circuit has recognized can only be characterized as a "sham."[7] *Legg,* 2005 U.S. App. Lexis 23003, *5 (citing *Anderson,* 220 F. Supp. 2d at 425).  Accordingly, this Court should reject the reasoning of *Seaborn* and *Clay.*

### 2. Ms. McCain is not a "seller" or "supplier" under Alabama's UCC.

Plaintiff's warranty claims against Ms. McCain fail for the same reasons that his AEMLD claim must fail – Ms. McCain is not a supplier or seller of the Lilly product at issue in this case.  The *sine qua non* of a breach of warranty claim – whether for breach of express warranty or breach of implied warranty – is that a warranty is made only by "the seller" of the goods.  *See* Ala. Code §§ 7-2-313(1) & 7-2-314(1) (2002) (both express and implied warranty claims refer to the creation of warranties by the "seller"); *see, e.g., Rutledge v. Arrow Aluminum Indus., Inc.*, 733 So. 2d 412, 417 (Ala. Civ. App. 1998) (plaintiff cannot recover against construction company under AEMLD or breach of warranty when no evidence is presented that construction company sold the allegedly defective product at issue).

As in the case of an AEMLD claim, the seller of a product is, as a matter of law, the corporate entity that makes the sale, not the employee or representative of the corporation. *See In re: Baycol Prods. Liab. Litig.,* No. 03-4932, MDL 1431, slip. op. at 7 (D. Minn. March 26, 2004) ("[a]s the individual defendants are not sellers or manufacturers of Baycol, rather they are the only agents of the seller of Baycol, Plaintiffs' negligence and warrant[y] claims against the individual defendants would fail"); *Rezulin I*, 133 F. Supp. 2d at 286 ("seller" who makes

---

[7] That the Plaintiff has decided to conceal from his pleading any specifics as to the alleged time, content, recipient or substance of any of Ms. McCain's alleged acts is highly suggestive that Plaintiff has identified a random sales representative solely for the purpose of using her to defeat jurisdiction.  It is precisely this gamesmanship that the Eleventh Circuit advised courts to avoid in *Legg*.

warranties about a prescription medicine is the "pharmaceutical manufacturer," and not the professional representative).[8]

Plaintiff's brief in support of his motion to remand *does not even address* the propriety of his negligence and warranty claims as it relates to asserting a cause of action against a sales representative or employee of the company. Instead, Plaintiff concentrates his entire argument around an issue that has already been decided by the courts and is not even raised by Lilly, namely the fact that negligence and warranty claims are not subsumed by the AEMLD. *See* Pl.'s Brief at 16-18. Lilly does not make this argument.

### 3. Ms. McCain cannot possibly be liable for negligently selling Zyprexa®.

Plaintiff's negligence claims against Ms. McCain are facially invalid because Ms. McCain did not sell the product at issue and Plaintiff cannot, and does not, allege personal participation of Ms. McCain in the alleged tortious conduct, essential elements to a negligence claim.

#### a. Ms. McCain did not sell the products.

In *Baycol*, the plaintiffs also asserted a cause of action for negligence against non-diverse sales representatives. *In re: Baycol Prods. Liab. Litig.,* No. 03-4932, MDL 1431, slip. op. at 7 (D. Minn. March 26, 2004). In denying the plaintiffs' motion to remand, the court stated that there was no possibility of plaintiffs establishing a negligence claim against the resident

---

[8] *See also Laboto v. Pay Less Drug Stores, Inc.*, 261 F.2d 406, 408 (10th Cir. 1958) (drug store employee who sold defective product was fraudulently joined because he was not a "seller" and thus could not be held liable for breach of warranty); *Johnson v. Parke-Davis,* 114 F. Supp. 2d 522, 525 (S.D. Miss. 2000) ("Plaintiffs have not cited any authority for the proposition that a sales representative, as opposed to the manufacturer of the product he or she was selling, would ever be liable as the warrantor of the product."); *McCurtis v. Dolgencorp, Inc.*, 968 F. Supp. 1158, 1160 (S.D. Miss. 1997) (stating that courts cannot hold sales representatives liable for breach of warranty when they are "not in the business of selling products but rather are *employed* in the business of selling products") (emphasis added) (citations omitted).

sales representative defendants. *See id.* (stating that Alabama law provides that claims of negligent manufacture or sale may only be asserted against the manufacturer or seller) (citing *Norton Co. v. Harrelson*, 176 So. 2d 18, 20 (Ala. 1965)). The court held that, because the sales representatives were not the sellers of the pharmaceutical product at issue, there could be no cause of action against them for negligent manufacture or sale. *Id.* ("[a]s the individual defendants are not sellers or manufacturers of Baycol, rather they are only agents of the seller of Baycol, Plaintiffs negligence and warrant[y] claims against the individual defendants would fail"). As has been previously discussed in great length, Ms. McCain is not a seller of Zyprexa®. Plaintiff, therefore, cannot state a cause of action against her for negligent manufacture or sale.

> **b.    Ms. McCain did not personally participate in any negligent conduct.**

Alabama law does not hold an employee liable for the strict liability or negligence of his employer unless the plaintiff personally participated in the alleged wrongful conduct of his employer. *See, e.g., Mills v. Wex-Tex Industries,* 991 F. Supp. 1370, 1382 (M.D. Ala. 1997) (employee not individually liable absent allegation of personal participation in alleged tortious conduct); *Turner v. Hayes,* 719 So. 2d 1184, 1188 (M.D. Ala. 1997) ("corporate employees are liable personally for the wrongful action of the company or its other employees *only if* they personally participate in the tort") (emphasis added). Personal participation requires more than employment or possession of knowledge by means of employment. *See, e.g., Tillman I,* 253 F.3d at 1305 (plaintiff fails to state a claim for strict liability, negligence, or wantonness simply by alleging that employee defendant acted with superior knowledge possessed by virtue of his employment). Here, Plaintiff has not presented any evidence that Ms. McCain knew or should have known of any dangerous effect of Zyprexa®. Ms. McCain's declaration specifies that she

provided information about products "sold by Lilly" and that she did not have any independent knowledge or control over the information provided to the physicians. *See* Exhibit "A" (Declaration of Yolanda McCain).

As the Eleventh Circuit stated in *Legg*, "if [the Company] knew or should have known of [the drug's] harmful effects and did not tell [the sales representative]" that might form the basis for a claim against *the Company*, "but it would not support the conclusion that [the sales representative] herself 'personally participated in the tort' or breached a duty to the Plaintiff." 2005 U.S. App. Lexis 23003 at *19 (quoting *Turner*, 719 So. 2d at 1188). Further, as stated previously, Plaintiff has failed to identify one prescribing physician and has failed to proffer any evidence that Ms. McCain ever had any contact with that prescribing physician. Absent such a showing, Plaintiff cannot even begin to make a claim that Ms. McCain breached any duty to Plaintiff. *See Fowler v. Wyeth,* No. 3:04-cv-83/MCR, 2004 U.S. Dist. Lexis 28728, *16 (N.D. Fla. May 14, 2004) (finding fraudulent joinder, in part, due to failure of plaintiff to proffer evidence that shows the sales representatives promoted the product to the prescribing physician); *cf Legg*, 2005 U.S. App. Lexis 23003 at 11 n.4 (noting that "Plaintiffs also failed to show that [sales representative] had ever promoted or sold the drug to [the] prescribing physician"). Because Plaintiff's negligence claim fails to allege any personal participation by Ms. McCain in the alleged negligent conduct and there is no evidence that Ms. McCain ever had any contact with Plaintiff's prescribing physician, there is no possible basis for a claim against her.

    **4. Ms. McCain cannot possibly be liable for fraud because Plaintiff's Complaint does not meet the heightened pleading requirements of Rule 9(b).**

Plaintiff has made no effort to comply with the requirements of Federal Rule of Civil Procedure 9(b) and the equivalent Alabama Rule, Alabama Rule of Civil Procedure 9, both

-13-

of which require that the circumstances of the fraud be pleaded with particularity. *Compare* Fed. R. Civ. P. 9(b) (requiring that allegations of fraud be stated with particularity) *with* Ala. R. Civ. P. 9(b), Committee Comment Subdivision (b) (stating that the Alabama Rule is identical to the federal rule). Under Rule 9(b) of the Alabama Rules of Civil Procedure, it is well established that the pleading must "show the time, place and the contents or substance of the false representation, the facts misrepresented, and an identification of what has been obtained." *Devise v. Kenmore, Inc.,* No. CV 03-J-943-S, slip. op. at 8 (N.D. Ala. May 12, 2003) (Johnson, J.) (citing *Smith v. National Sec. Ins. Co.,* 860 So.2d 343, 346 (Ala. 2003)); *see also Baycol*, MDL 1431, slip. op. at 7 (citing *Lyde v. United Ins. Co. of America*, 628 So.2d 665, 670 (Ala. Civ. App. 1993)); *Rezulin I*, 133 F. Supp. 2d at 283.

> Here, it is telling what plaintiff has omitted from his purported fraud claims:
>
> - failed to identify any prescribing physician(s);
>
> - failed to allege the time or place where any alleged statement(s) took place;
>
> - failed to allege the content *or* substance of any alleged statement attributed to Ms. McCain;
>
> - failed to even identify a single statement attributed to Ms. McCain.

The court in *Rezulin I* found **more detailed** allegations than those presented here to be insufficient. *See* 133 F. Supp. 2d at 283 (plaintiffs' allegation that "on or after March, 1997, in the State of Mississippi, and particularly in LeFlore County, Mississippi the *individually named sales representatives* represented to [plaintiffs] that the Rezulin drug was not defective or unreasonably dangerous to its users" does not satisfy Rule 9). The general and conclusory statements propounded in Plaintiff's Complaint are not sufficient to state a claim for fraud. *See e.g., Baycol*, MDL 1431, slip. op. at 7 (fraud allegations deficient where "No allegation specifies the specific misrepresentation the individual defendants made, to whom and under what

circumstances."); s*ee also Tillman I,* 253 at 1305 ("There is no claim that the plaintiff ever dealt with [resident employees], or that they made any representations on which plaintiff relied . . ."); *Wakeland*, 996 F. Supp. at 1221 (fraudulent joinder where "the complaint simply does not specify what affirmative misrepresentations any defendant – let alone any distributor defendant – is alleged to have made").

Particularity also "requires plaintiff in pleading fraud to distinguish among defendants and specify their respective role in the alleged fraud." *See McAllister Towing & Transp. Co. v. Thorn's Diesel Serv., Inc.,* 131 F. Supp. 2d 1296, 1302 (M.D. Ala. 2001). Plaintiff here lumps all defendants together and asserts allegations against "the Defendants," collectively. Compl. at ¶¶ 1-74. These generalized allegations fall well short of the pleading requirements of Rule 9(b). For instance, the court in *Rezulin I* found deficient plaintiffs' use of catch-all allegations regarding the "defendants," identical to those present in Plaintiff's Complaint. *See* 133 F. Supp. 2d at 283-84. Based, in part, upon the use of these catch-all allegations, the court determined that there was no reasonable basis to predict that the plaintiffs could prevail on their fraud claims against the resident pharmaceutical representatives. *Id.*

### 5. The material submitted by Plaintiff is not sufficient to refute Ms. McCain's Declaration.

Eleventh Circuit precedent establishes that upon the submission of Ms. McCain's Declaration, Plaintiff is unable to rely on the unsupported allegations of his Complaint. *See Legg,* 2005 U.S. App. Lexis 23003 at *13-14. Plaintiff must put forth evidence to refute the statements in the declaration or it is considered to be undisputed. *See id.; see also Lewis v. Wyeth*, No. 3:04-cv-81/MCR, 2004 U.S. Dist. Lexis 28729 at *14 (stating that plaintiffs must refute statements in declarations) (citing *Campana v. American Home Products*, No. 1:990-cv-0250/MMP, *7-8 (N.D. Fla. March 7, 2000)). If the declaration is undisputed, then there are no

questions of fact for the court to resolve and the court cannot resolve the facts in the plaintiff's favor. *Legg,* 2005 U.S. App. Lexis 23003 at *13-14. Because Plaintiff failed to proffer evidence that specifically disputes the sworn statements contained in Ms. McCain's Declaration, they are undisputed.

Instead of evidence, Plaintiff relies on "the Pharmaceutical Sales Representative" job description posted on Lilly's website, *Black's Law Dictionary*, and *The American Heritage Dictionary of the English Language* as "evidence" that a "sales" representative, must be a "seller." These materials do nothing to contradict Ms. McCain's sworn statements, which make plain she was not a "seller" under Alabama law. Plaintiff also ignores Eleventh Circuit law, which holds that this very type of "evidence" does not rebut a declaration for purposes of determining the issue of fraudulent joinder. *See Legg*, 2005 U.S. App. Lexis 23003 at *10-11 (Copy of Sales Training Program not sufficient to rebut sworn affidavit); *Clay v. Wyeth*, No. 5:04-cv-192-OC-10GRJ, 2004 U.S. Dist. Lexis 28727 at *14 (M.D. Fla. Aug. 17, 2004) (Sales force training materials and memorandum stating that PI may be updated with information from an observational study were not sufficient to rebut sworn declarations); *Petty v. Wyeth*, No. 3:04-cv-82/MCR, 2004 U.S. Dist. Lexis 28725 at *15 (N.D. Fla. Apr. 28, 2004) (evidence submitted by plaintiff failed to establish that sales representatives ever promoted drug to prescribing physician).

## II.   CONCLUSION

For the foregoing reasons listed above and for the reasons listed in Lilly's Notice of Removal, this Court should deny Plaintiff's Motion to Remand, or, in the alternative, defer ruling pending the transfer of this case to the MDL proceeding that has been established in the Eastern District of New York.

        s/ James C. Barton, Jr.
        James C. Barton, Jr. (BAR014)
        Bar Number:  ASB-0237-B51J
        Email: jbartonjr@jbpp.com

        s/ Alan D. Mathis
        Alan D. Mathis (MAT052)
        Bar Number:  ASB-8922-A59M
        Email: adm@jbpp.com

        Attorneys for defendant
        Eli Lilly and Company

**JOHNSTON BARTON PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203
(205) 458-9400
(205) 458-9500 (fax)

    OF COUNSEL

## CERTIFICATE OF SERVICE

    I hereby certify that I electronically filed the above and foregoing with the Clerk of the Court on November 18, 2005, using the CM/ECF system, which will send notification of such filing to the following:

        E. Frank Woodson
        Beasley, Allen, Crow, Methvin,
        Portis & Miles, P.C.
        P.O. Box 4160
        Montgomery, Alabama 36104
        (334)269-2343

        s/ Alan D. Mathis
        Of Counsel