IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SHIRLEY and JOHN DEVISE,

    PLAINTIFFS,

vs.                                  CASE NO. CV 03-J-943-S

KENMORE, INC., et al.,

    DEFENDANTS.

**ENTERED**
MAY 1 2 2003

## ORDER

In accordance with the memorandum opinion entered this day;

It is **ORDERED** by the court that defendant Ned Bibb's motion to dismiss complaint (doc. 4) be and hereby is **GRANTED**. This defendant is **DISMISSED WITH PREJUDICE**.

The hearing previously set on this motion for the court's motion docket of May 13, 2003, is **CANCELED**.

**DONE** and **ORDERED** this the 12 day of May, 2003.

                                              Inge P. Johnson
                                              United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SHIRLEY and JOHN DEVISE,

    PLAINTIFFS,

vs.                        CASE NO. CV 03-J-943-S

KENMORE INC., et al.,

    DEFENDANTS.

## MEMORANDUM OPINION

This matter is before the court on the defendant Ned Bibb's motion to dismiss complaint (doc. 4); defendants Whirlpool Corporation ("Whirlpool") and Sears, Roebuck & Co. ("Sears") and Ned Bibb's notice of removal (doc. 1); the plaintiffs' opposition to defendant Ned Bibb's motion to dismiss (doc. 10) and the plaintiffs' brief in support of said opposition.

Defendants removed this action from the Circuit Court of Jefferson County, Alabama, asserting that this court has jurisdiction under 28 U.S.C. § 1332. Notice of Removal, ¶ 3. Defendants allege that the matter in controversy exceeds $75,000.00 and it is between citizens of different states. Notice of Removal, ¶¶ 4, 5, 12, and 13. Although defendant Ned Bibb, an individual, is not diverse from the plaintiffs, defendants Whirlpool and Sears allege that Ned Bibb was fraudulently joined. Notice of Removal, ¶ 13.

On motions to dismiss, the court must take the facts of the complaint as true, and view those facts in the light most favorable to the nonmoving party. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir.1998). The court finds such facts to be as follows:

The plaintiffs alleges they purchased a a Kenmore dishwasher from defendant Sears in October, 1999. That dishwasher caught fire in February, 2003, causing serious injuries to the plaintiffs.[1] Complaint, ¶ 13. Defendant Bibb was the salesman who sold the dishwasher in question to the plaintiffs. Complaint, ¶ 8. The plaintiffs bring claims under the Alabama Extended Manufacturers Liability Doctrine ("AEMLD") (Count I); negligent/wanton conduct (Count II); failure to warn (Count III); express or implied warranty (Count IV); a second AEMLD claim (Count V); and fraudulent suppression (Count VI).

On the face of the complaint, complete diversity, a prerequisite for jurisdiction under 28 U.S.C. § 1332, is lacking. "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity – every plaintiff must be diverse from every defendant." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir.1996), *rev'd on other grounds, Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). *See also*

---

[1] The parties do not dispute that the dishwasher in question was manufactured by defendant Whirlpool under the brand name "Kenmore."

2

*Carden v. Arkoma Associates*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1017, 94 L.Ed.2d 615 (1990) ("Since its enactment, we have interpreted the diversity statute to require 'complete diversity' of citizenship); citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806). The only means by which this case may remain in this court is if the lack of diversity which appears on the face of the complaint is through the fraudulent joinder of the non-diverse party, as alleged by the defendant.

> Joinder has been deemed fraudulent in two situations. The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983), *superceded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir.1993). The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts. *Coker*, 709 F.2d at 1440.... In *Tapscott*, 77 F.3d at 1355 (11th Cir.1996), a third situation of fraudulent joinder was identified--i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant. *Id.* at 1360. In the instant case, the parties do not suggest that there has been "outright fraud in the plaintiff's pleading of jurisdictional facts," so we concern ourselves only with the first and third types of fraudulent joinder. Turning to the first type, "If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker*, 709 F.2d at 1440-41. The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate ....

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998).

05/12/2003 MON 17:40 [TX/RX NO 8202] ☒001

The defendants, as the parties removing the action to federal court, have the burden to establish federal jurisdiction. *See Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir.1998); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996). All doubts (and uncertainties) about federal court jurisdiction must be resolved in favor of a remand to state court. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994)); *Diaz*, 85 F.3d at 1505. "The burden of the removing defendant is a 'heavy one.' To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties in favor of the plaintiff." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997) (citation omitted).[2] The court can only grant the motion to dismiss the non-diverse defendant, and therefore retain jurisdiction, if "it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Hawthorne*, 140 F.3d at 1370.

---

[2]This court is cognizant of the Eleventh Circuit's admonition in *Burns v. Windsor Insurance Company*, 31 F.3d 1092, 1095 (11th Cir.1994), where the Court stated "Federal courts are courts of limited jurisdiction. While a defendant does have a right, by statute, to remove in certain situations, plaintiff is still the master of his own claim (citations omitted). Defendant's right to remove and plaintiff's right to chose his own forum are not on equal footing ... removal statutes are construed narrowly ... uncertainties are resolved in favor of remand (citations omitted)."

4

The court finds non-diverse defendant Bibb is named in two counts of the complaint – AEMLD (Count I) and fraudulent suppression (Count VI).[3]

Defendants assert that an individual sales representative cannot be held liable pursuant to the AEMLD. Additionally, defendants assert that the fraud claim in Count VI of the complaint is subsumed under the AEMLD, but if not subsumed, defendant Bibb had no duty to warn of any danger. Notice of Removal, ¶¶ 15-16. The plaintiffs respond that the complaint clearly states that defendant Bibb was the individual who sold the dishwasher to the plaintiffs. Opposition at 2. The plaintiffs then argue that "[h]ere there is doubt that the fraudulent suppression claim states a cause of action." Opposition at 4. The court can only assume that the plaintiffs meant to argue that "there is **NO** doubt that the fraudulent suppression claim states a cause of action."

The AEMLD establishes a cause of action against "a manufacturer, or supplier, or seller, who markets a product not reasonably safe when applied to its intended use in the usual and customary manner, constitutes negligence as a matter of law." *Casrell v. Altec Industries, Inc.*, 335 So.2d 128, 132 (Ala.1976). Defendant Bibb is

---

[3]Plaintiffs' complaint also asserts claims of negligence, wantonness, and breach of warranty. Even if these claims were stated against defendant Bibb, which they are not, plaintiffs have not and can not show that these causes of action are not subsumed by AEMLD. *See e.g., Veal v. Teleflex, Inc.*, 586 So.2d 188, 190-191 (Ala.1991) (Plaintiff's defective product claim held to be a claim under AEMLD and, thus, trial court did not err in refusing to charge the jury on negligence and wantonness.); *Pitts v. Dow Chemical Co.*, 859 F.Supp. 543, 550-51 (M.D.Ala.1994) (Plaintiff's negligence claim related to an alleged unreasonably unsafe product held not to state a claim distinct from AEMLD.). *See also McClain v. Metabolife International, Inc.*, 193 F.Supp.2d 1252, 1256 (N.D.Ala.2002).

5

clearly not a manufacturer, supplier, or seller of dishwashers who markets said product. At most, he is a sales representative for the seller, defendant Sears.[4] *See Brock v. Baxter Healthcare Corp.*, 96 F.Supp.2d 1352, 1356; citing *Casrell*, 335 So.2d at 132-33. As defendant Bibb is not a manufacturer, distributor or seller of the dishwasher at issue, the court finds that the plaintiffs have failed to state a claim upon which relief can be granted against this defendant under the AEMLD.

For fraudulent suppression, the plaintiffs must show that the defendant (1) had a duty to disclose an existing material fact; (2) that the defendant suppressed that existing material fact; (3) that the defendant had actual knowledge of the fact; (4) that the defendant's suppression of the fact induced the plaintiff to act or refrain from acting; and (5) that the plaintiff suffered actual damage as a proximate result of acting or not acting. *Spain v. Brown & Williamson Tobacco*, 230 F.3d 1300, 1311 (11th Cir.2000); citing *Ex Parte Household Retail Services*, 744 So.2d 871, 879 (Ala.1999).

A party's mere silence as to a material fact does not constitute fraud unless that party is under a duty to disclose that fact. *State Farm Fire and Casualty Co. v. Owen*, 729 So.2d 834, 837 (Ala.1998). A duty to disclose can arise either from a confidential relationship with the plaintiff or from the particular circumstances of the case. *Keck*

---

[4] A seller is one who is engaged in the business of selling that type product. *See, e.g., Brock v. Baxter Healthcare Corp.*, 96 F.Supp.2d 1352, 1356 (S.D.Ala.2000).

05/12/2003 MON 17:40 [TX/RX NO 8202] ☒004

*v. Dryvit Systems, Inc.*, 830 So.2d 1, 11 (Ala.2002); citing § 6-5-102, Ala.Code 1975; *Ex parte Farmers Exchange Bank*, 783 So.2d 24, 27 (Ala.2000). Plaintiffs rely on *McClain v. Metabolife International, Inc.*, 193 F.Supp.2d 1252 (N.D.Ala.2002) for the proposition that fraud claims made in addition to AEMLD claims survive a motion to dismiss. *See id.* at 1256-1257. However, in that case only the manufacturer was named as a defendant. Similarly, in the other case upon which plaintiffs rely, *Lowe v. Metabolife*, 206 F.Supp.2d 1195 (S.D.Ala.2002), an individual salesperson was not sued. Thus, that court's holding that the fraud claim could survive a motion to dismiss is not relevant to the issue before this court.

Defendants dispute that defendant Bibb had any duty to disclose anything to the plaintiffs at all. The plaintiffs do not allege any particular relationship with defendant Bibb which would have placed on him a duty to disclose a material fact. They also do not allege that they relied on any statement of defendant Bibb to purchase the dishwasher in question.[5] In fact, they do not even allege that defendant Bibb stated the dishwasher was safe. Plaintiffs state no fact allegedly known by Bibb, which he had a duty to disclose but failed to do so.[6] Rather, they merely ask this court to rule

---

[5]In fact, plaintiffs allege only that defendant Bibb "suppressed information that he knew or should have known regarding the fire causing potential of the dishwasher ...." Complaint. ¶ 13.

[6]Plaintiffs do not even allege that defendants Sears or Whirlpool had knowledge of a defect in the dishwasher they purchased at the time they purchased it (or ever). Given no such

7

that an individual salesman for a large company, who may or may not have done any more than ring up a sale for the plaintiffs, should be liable for an alleged defect in the product which does not manifest itself for more than three years. The court declines to extend such liability here.

Even assuming this court was willing to place a duty to disclose upon the individual defendant, Rule 9 of the Alabama Rules of Civil Procedure requires that fraud be alleged "with particularity." *Smith v. National Sec. Ins. Co.*, 2003 WL 1787934, *3 (Ala.April 4, 2003); citing *Garrett v. Raytheon Co.*, 368 So.2d 516 (Ala.1979). Under Rule 9(b), A.R.C.P., the pleading must show the time, place and the contents or substance of the false representations, the facts misrepresented, and an identification of what has been obtained. *Smith*, 2003 WL 1787934, *3. *See also Allstate Ins. Co. v. Ware*, 824 So.2d 739, 742 (Ala.2002). Thus, under Rule 9, A.R.C.P., for a pleading to state a claim of fraud, "[t]he pleading must show [the] time, [the] place, and the contents or substance of the false representations, the facts misrepresented, and an identification of what has been obtained." *Bethel v. Thorn*, 757 So.2d 1154, 1158 (Ala.1999); citing *Lester*, 622 So.2d at 311 (quoting *Miller v. Mobile County Board of Health*, 409 So.2d 420, 422 (Ala.1981) (quoting the

---

allegation, the plaintiffs do not allege any basis by which defendant Bibb would have such knowledge. Without that, he could have no duty to disclose.

8

Committee Comments to Rule 9(b))) (alterations in *Lester* ); *see also Robinson v. Allstate Ins. Co.*, 399 So.2d 288, 290 (Ala.1981) ("The pleader must state the time, the place, the contents or substance of the false representations, the fact misrepresented, and an identification of what has been obtained.").

The court, having reviewed the allegations set forth in Counts I and VI of the plaintiffs' complaint, finds the allegations fail to state a cause of action against the resident defendant. The fact that defendant Bibb, acting on behalf of defendant Sears, sold the plaintiffs a dishwasher which caught fire three and a half years later, is, in and of itself, insufficient to state a cause of action. The plaintiffs need not have a winning case against the allegedly fraudulent defendant; they need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate. *Triggs*, 154 F.3d at 1287. That possibility does not exist in the pleadings before this court.

The court having considered the foregoing, finds find that the joinder was fraudulent and that defendant Bibb's motion to dismiss is due to be **GRANTED**. The court shall so order.

**DONE** this the ____ day of May, 2003.

_____
INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

9