IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **SHAHEED MUHAMMAD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CASE NO.: 2:05-cv-01046 |
| ) | |
| **ELI LILLY AND COMPANY; and** ) | |
| **YOLANDA BROWN, Sales** ) | |
| **Representative, and FICTITIOUS** ) | |
| **DEFENDANTS A, B, C, D, E, and F,** ) | **MEMORANDUM OF LAW IN** |
| being those persons, sales representatives, ) | **OPPOSITION TO PLAINTIFF'S** |
| firms or corporations, whose fraud, ) | **MOTION FOR** |
| scheme to defraud, negligence, and/or ) | **RECONSIDERATION** |
| other wrongful conduct caused or ) | |
| contributed to the Plaintiff's injuries and ) | |
| damages, and whose true names and ) | |
| identities are presently unknown to the ) | |
| Plaintiff but will be substituted by ) | |
| amendment when ascertained, ) | |
| ) | |
| **Defendants.** | |

### ELI LILLY AND COMPANY'S RESPONSE IN OPPOSITION TO
### PLAINTIFF'S MOTION FOR RECONSIDERATION

**I.    INTRODUCTION**

Plaintiff raises no new arguments, facts or otherwise cites to any legitimate basis for reconsideration of this Court's Order dated November 22, 2005, granting Eli Lilly and Company's ("Lilly") Motion to Stay. It is undisputed that the Court's Order was well within its discretion, and supported by overwhelming case law[1] and the record developed in this particular

---

[1] For a detailed discussion of the cases in every recent pharmaceutical MDL endorsing the precise position taken by this Court, see Lilly's Motion to Stay (Doc. # 1) and Lilly's Reply Brief in Support of Stay (Doc. # 12). As plaintiff has raised no new arguments, Lilly will not repeat that full discussion here.

MDL.  The Judicial Panel for Multi-District Litigation (the "Panel") has endorsed the very action taken by this Court, in this very litigation.  *See e.g.*, August 12, 2005 Transfer Order, *In re Zyprexa Prods. Liab. Litig.,* Docket No. 1596 (attached as Exhibit "A") (stating that pending motions for remand "can be presented to and decided by the transferee court"); *see also In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (transferring cases to MDL with motions for remand to be heard by Judge Weinstein).  In fact, on January 20, 2006, the Panel wrote a letter to this Court suggesting that waiting until after the transfer issue has been decided to rule on a motion to remand "may be especially appropriate if the motion raises questions likely to arise in other actions in the transferee court, and in the interests of uniformity, might best be decided there if the Panel orders centralization."  (attached as Exhibit "B".)

Factually, the only change in this case is its imminent transfer to an active MDL, where the issues presented here can be decided with other similar motions from District Courts in Alabama, and around the country.  Indeed, the Judicial Panel is set to address the transfer of this case on March 30, only ten days from now.  It is ironic that plaintiff complains the case has not yet been transferred to the MDL because the *only* reason for any delay is that plaintiff has engaged in legal maneuvers before the Judicial Panel to *oppose* its prompt transfer.  Instead, plaintiff grossly mischaracterizes the MDL proceedings, and fails (again) to cite to controlling 11th Circuit precedent, which supports federal jurisdiction of this case.  *See generally Legg v. Wyeth*, 428 F.3d 1317 (11th Cir. 2005).  The Court should, again, deny plaintiff's requested relief and permit the merits of the jurisdictional issue to be decided in the MDL.

## II. ARGUMENT

### A. The Stay Entered By The Court Was Proper And Supported By Overwhelming Authority

Plaintiff's suggestion that a stay will not further judicial economy ignores not only precedent, but the common sense conclusion drawn from the very record created in this case, and other related Zyprexa® cases filed in this district. Plaintiff's counsel has filed three virtually identical cases – all raising fraudulent joinder issues – which are currently pending before multiple judges in this district. Related issues are pending in seven other cases filed by plaintiff's counsel – and in hundreds of other cases – all of which have already been transferred to the MDL. Plaintiff counsel's efforts to evade the MDL process and have this Court rule on a fact pattern repeatedly decided in MDL-1596, *In Re Zyprexa Products Liability Litigation*, undermines the Panel's prior determination that pre-trial proceedings be consolidated, even if there are pending motions in the transferor court.

The reason for the overwhelming case law supporting a stay in cases where there is a fraudulent joinder issue pending is simple: it promotes judicial economy and efficiency, prevents inconsistent decisions on common factual and legal issues and avoids prejudice to all parties. For a detailed discussion of the cases in every recent pharmaceutical MDL endorsing the precise position taken by this Court, see Lilly's Motion to Stay (Doc. # 6), and Lilly's Reply Brief in Support of Stay (Doc. # 10).[2] As plaintiff has raised no new arguments, Lilly will not repeat that full discussion here.

---

[2] As set forth in Lilly's Brief in Opposition to Remand (Doc. # 9), Lilly has developed the very same record that the 11th Circuit in *Legg* found supported a finding of fraudulent joinder, and therefore, federal court jurisdiction. *See Legg v. Wyeth,* 428 F.3d 1317 (11th Cir. 2005). Plaintiff still has not and cannot distinguish *Legg*, and does not cite to this controlling authority. Plaintiff has also raised similar issues in a pending motion to oppose transfer before the Panel – to be decided on March 30, 2006. Of course, the issue of federal court jurisdiction can and should be decided by the MDL Court, which is the whole purpose of the stay in the first place.

### B. Plaintiff Has Mischaracterized The Status Of The MDL

The MDL Judge, Jack B. Weinstein, has made it plain to all parties that the MDL process is not affected by the settlement of other claims. As a participant in the MDL, plaintiff's counsel here knows full well that as recently as last month, the Court ordered scheduling for the prompt completion of discovery to allow for case dispositive motions and motions in limine. *See* Order filed February 21, 2006 (attached hereto as "Exhibit C"). The Special Discovery Master has scheduled a March 22, 2006 discovery meeting to implement this Order, which further refutes plaintiff's representations about the effect of settlement on MDL activity. Plaintiff also suggests there has been no meaningful discovery in the MDL. The Court's order scheduling dispositive motions and trials belies those statements.

Contrary to plaintiff's assertions, the MDL is at an advanced stage, and all parties will benefit from coordinated discovery and pre-trial proceedings. For example, plaintiff's counsel will have the advantage of coordinated discovery consisting of over 4.5 million pages of documents already produced, over a dozen designee depositions already conducted,[3] and Case Management Orders addressing a range of issues. From the very beginning of the MDL, Judge Weinstein has reached out to both state and federal court judges, and suggested the issuance of stays so that discovery efforts could be coordinated. *See* Order dated April 16, 2004 (attached as Exhibit "D"). Judge Weinstein has made it equally clear that plaintiffs that are transferred to the MDL will not suffer hardship. *See* Order dated January 5, 2005 (attached as Exhibit "E") (stating "it is expected that all discovery to date will be shared by past and incoming parties without the need for duplication.").

---

[3] It is remarkable that plaintiff represents that "not a single deposition of Eli Lilly corporate representatives regarding the merits of the Zyprexa cases have taken place in the MDL…" (Mot. to Reconsider, ¶ 3). Over a dozen Fed. R. Civ. P. 30(b)6 depositions have taken place.

Notably, plaintiff's counsel here is already an active participant in the MDL with seven non-settled cases already transferred to the MDL. Thus, there is absolutely no added hardship to their participation in the MDL with this case.

One Judge – who has been managing the litigation since April 2004 – should be handling the now *twelve* nearly identical cases filed by plaintiff's counsel, along with the hundreds of others that raise similar issues, and allege repetitive fact patterns concerning Zyprexa®. Judge Weinstein, as MDL transferee judge, will be able to provide a consistent approach to the issue, thus avoiding inconsistent or aberrant jurisdictional rulings.

The Second Circuit endorsed just this approach in *In re Ivy*, where, in the context of jurisdictional objections in Agent Orange actions, it reasoned that:

> The jurisdictional issue in question is easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation. . . and there are real economies in transferring such cases to Judge Weinstein. . . . Once transferred, the jurisdictional objections can be heard and resolved by a single. . . . Consistency as well as economy is thus served. We hold, therefore, that the MDL Panel has jurisdiction to transfer a case in which a jurisdictional objection is pending.

901 F. 2d at 9. Similarly, the Panel has endorsed this approach in this litigation. *See* Exhibit A (stating that the pending motions for remand "can be presented to and decided by the transferee court") (citing *In re Ivy*, 901 F.2d 7; *In re Prudential Ins. Co. of America Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001)); *see also Walker v. Merck & Co., Inc.*, No. 05-cv-360-DRH, 2005 U.S. Dist. Lexis 13693, *3-4 (S.D. Ill. June 22, 2005) (citing to MDL Panel's finding that "the pendancy of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings" and "motions to remand in MDL-1657 actions can be presented to and decided by the transferee judge").

## III. CONCLUSION

For the forgoing reasons, and those set forth in the initial round of briefing and reply briefing, the Court should not reconsider its Order dated November 22, 2005.

s/ Alan D. Mathis
James C. Barton, Jr.
Bar Number:   ASB-0237-B51J
Email: jbartonjr@jbpp.com

Alan D. Mathis
Bar Number:   ASB-8922-A59M
Email: adm@jbpp.com

Attorneys for defendant
Eli Lilly and Company

**JOHNSTON BARTON PROCTOR & POWELL LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203
(205) 458-9400
(205) 458-9500 (fax)

   **OF COUNSEL**

## CERTIFICATE OF SERVICE

 I hereby certify that I electronically filed the above and foregoing with the Clerk of the Court on March 20, 2006, using the CM/ECF system, which will send notification of such filing to the following:

    E. Frank Woodson
    Beasley, Allen, Crow, Methvin,
    Portis & Miles, P.C.
    P.O. Box 4160
    Montgomery, Alabama 36104
    (334)269-2343

            s/ Alan D. Mathis
            Of Counsel

W0548692.DOC