IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHAHEED MUHAMMAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 2:05-cv-01046 MHT |
| | ) |
| ELI LILLY AND COMPANY and | ) |
| YOLANDA BROWN, Sales | ) |
| Representative, | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTIONS TO RECONSIDER AND MOTION TO REMAND

The Plaintiff submits this brief to supplement arguments set out in Plaintiff's Motion to Reconsider (Doc. No. 12) and Plaintiff's Brief in Support of Motion to Remand. Each of these pleadings support Plaintiff's position that this Court should lift the stay pending transfer to the MDL and remand this case because the Court lacks subject matter jurisdiction based upon:

    A.    **Valid Claims Are Made Against the Resident Sales Representative**

Plaintiff anticipates that discovery will show that the Resident Defendant's knowledge concerning ZYPREXA was superior to the knowledge held by the physicians to whom she made sales calls. Plaintiff also anticipates that discovery will show that Plaintiff's prescribing physician relied on information provided by the Resident Defendant; and the Resident Defendant provided to Plaintiff's physician incorrect, misleading or incomplete information (such as inadequate warnings of risks of harm and adverse effects from the use of ZYPREXA) – and Plaintiff's physician passed this erroneous information on to his patients, including Plaintiff. Plaintiff relied on such

information through the representations of his physician. If these allegations are proven to be true, which Plaintiff expects that they will be, a finding of individual liability under AEMLD against the Resident Defendant would be consistent with the rule under Alabama law that "officers and employees of a corporation are liable for torts in which they have personally participated, irrespective of whether they were acting in a corporate capacity." Ex parte Charles Bell Pontiac, 496 So. 2d at 775 (citing Candy H. v. Redemption Ranch, Inc., 563 F. Supp. 505, 513 (M.D. Ala. 1983)); see Clay v. Brown & Williamson Tobacco Corp., 77 F. Supp. 2d 1220, 1224 (M.D. Ala. 1999); see Seaborn v. R. J. Reynolds Tobacco Co., 1996 WL 943621 (M.D. Ala., Dec. 30, 1996) (NO. CIV. A. 96-T-1540-N).

In Clay and Seaborn, relying on the general principle that officers or employees of a corporation are liable for torts in which they have personally participated, the District Court found in both cases that to the extent a manufacturer defendant allegedly violated AEMLD, "it acted through its employees; the company does not employ ghosts." Clay, 77 F. Supp. 2d at 1224; Seaborn, 1996 WL 943621, at *3. The District Court allowed plaintiffs to pursue the distributors and employee sales representatives individually -- even in the absence of any personal contact with the plaintiffs -- and to substitute new individual defendants in the event plaintiffs had named the wrong individuals at the outset. In each case, the court rejected defendants' claim of fraudulent joinder and remanded the cases to state court.

Other United States District Courts also have consistently rejected arguments that in-state defendant sales representatives are fraudulently joined in the context of an AEMLD action involving a defective drug. See Barry Pace, et al. v Parke-Davis, No.

2

3:00-3046 (N.D. Ala. Nov. 21, 2000)(Johnson, I); see also Donald McCaffery v. Warner-Lambert Co., et al., No. 4:00-2848 (N.D. Ala. Dec. 8, 2000) (Propst, R); see also Acton v. R.J. Reynolds Tobacco Co., No. 96-C-2737-W (N.D. Ala. Oct. 23, 1996). And other United States District Courts have remanded cases to state courts or refused to stay other Vioxx-related litigation in federal courts in jurisdictions throughout this country. See, Landrum v. Merck & Co., Inc., et al., Case no. CV-05-01055-J (N.D. Ala. May 25, 2005) (holding that diversity jurisdiction was absent and remanding to state court, relying upon Marshand v.Wyeth, et al., CV-03-CO-319-5-W (N.D. Ala. 2004)); Sokarda, et al. v. Merck & Co., Inc., et al., Case no. SACV-05-177-JFW (MANX) (C.D. Calif. April 22, 2005) (holding that under California law, case should be remanded to state court based upon properly named in-state defendant); Amisch v. Merck Co., Inc., et al., Case no. 04-CV-847-DRH (S.D. Ill. Dec. 22, 2004) (holding that motion to stay pending JPML's ruling on motion to transfer should be denied and that forum court should address subject matter jurisdiction, and remanding case to state court because defendant failed to meet its burden to sustain removal); Brame v. Merck & Co., Inc., et al., Case no. 05-034-GPM (S.D. Ill. Feb. 17, 2005) (holding that defendant failed to meet its burden to establish fraudulent joinder, refusing to stay proceedings pending ruling by JPML, and remanding case back to state court); McQuay v. Merck & Co., Inc., et al., Case No. 05-038-GPM (S.D. Ill. Feb. 17, 2005) (same); Tomlin v. Merck & Co., Inc., et al., Case no. 04-14335-CIV-Moore (S.D. Fla. Feb. 14, 2005) (holding that motion to stay pending JPML was inappropriate, holding that plaintiff adequately pleaded a claim against sales representative under Florida law, finding that there was no fraudulent joinder, and remanding the case back to state court).

Furthermore, District Courts in Alabama have repeatedly rejected similar fraudulent joinder claims in the context of fraudulent misrepresentation and suppression claims against pharmaceutical sales representatives, remanding the cases to state court. See Floyd v. Wyeth, No. 03-C-2564-M (N.D. Ala. Oct. 20, 2003) (Clemon, J.); see Crittenden v. Wyeth, No. 03-T-920-N (M.D. Ala. Nov. 21, 2003) (Thompson, J.); see Terrell v. Wyeth, No. CV-03-BE-2876-S (N.D. Ala. Dec. 12, 2003) (Bowdre, J.)

**B.   Legg v. Wyeth is Not Controlling or Dispositive of the Issues in this Matter.**

The recent decision of the United States Court of Appeals for the Eleventh Circuit, Legg v. Wyeth, 428 F.3d 1317 (11th Cir. 2005), does not support a denial of the Plaintiff's motion to reconsider and remand. Legg v. Wyeth is not controlling on the issue of subject matter jurisdiction and any language in Legg relative to the remand proceedings is dictum.

In Legg, the issue before the appellate court was whether the district court abused its discretion by awarding attorney's fees and costs to the plaintiffs as a result of the removal petition filed by the defendant, a drug company manufacturer, Wyeth. The issue was <u>not</u> whether the district court abused its discretion, by remanding the case, after finding that the defendant failed to meet its burden of establishing fraudulent joinder. Indeed, the Eleventh Circuit noted that "28 U.S.C. § 1447(d) bars our review of a remand such as this one based upon the lack of subject matter jurisdiction," but "the statute does not 'exclude the district court's assessment of costs from appellate review.'" Legg, 428 F.3d at 1319-20 (quoting Fowler v. Safeco Ins. Co., 915 F.2d 616, 617 (11th Cir. 1990)).

4

The Court in Legg did not state that the trial court's remand order was in error, nor did the Court rule that the standard of review in such cases should be changed.

Since the language of Legg is not essential to the issue in that case, it is merely dictum and should not be given *stare decisis* effect by this Court. Nevertheless, assuming *arguendo* that this Court should defer to Legg on this issue, the Legg court's statements are in contravention of well-settled Alabama law, which provides that misrepresentations of material fact, even if made by mistake or innocently, constitute legal fraud. See Ala. Code § 6-5-101 (1975). See also Thomas v. Halstead, 605 So.2d 1181 (Ala. 1993). As discussed above, Alabama law is well-established that individual employees can be held liable for torts in which they participate.

The Court in Legg cites Fisher v. Comer Plantation, 772 So. 2d 455, 463 (Ala. 2000), for the proposition that "mere conduits" cannot be held liable for participating in a tort unless bad faith can be shown. Fisher, however, dealt with independent contractors. The sales representative here is a salesperson and was not a "mere conduit" of information, but was instead an integral part of the false and fraudulent marketing and selling of Zyprexa. Plaintiff's original remand brief provides the Court facts from Lilly's public website that the sales representatives are "sellers" under Alabama law who are hired to "influence" the doctors they call upon.

Since the Eleventh Circuit did not have within its jurisdiction the ability to address the merits of the remand order in Legg, any discussion of the merits of the district court's order remanding the case back to state court is dictum and should not be controlling in this case.

The Eleventh Circuit, in determining that Wyeth's removal efforts were "reasonable," basis to determine whether the attorney's fees were wrongfully awarded, appeared to be critical of the lower court's remand order, because there did not appear to be any refutation of the affidavits of the sales representatives, other than the allegations in the complaint.

Many pharmaceutical cases are remanded because lack of subject matter jurisdiction inherent with the presence of an in-state sales representative. Some recent remands in Vioxx cases have provided "evidence" supporting the claims, against sales representatives. Discovery has been done to find that evidence against Merck sales representatives. This shows the potential for discovery relating to sales representatives in the Zyprexa litigation.

**C.    Lilly cannot prove that the plaintiff has *no* possibility of establishing a cause of action against this non-diverse defendant.**

No discovery has been done to-date in this case; thus, it would be premature for this court to make a decision that sales representatives are basically entitled to a summary judgment. Especially in light of the fact that the sales representative has filed a self-serving affidavit with this Court that is contradictory to statements on her employer's website regarding her job duties. (See Plaintiff's Brief in Support of Motion to Remand at Page 19.) Nor can the court conclusively determine that Plaintiff would not be successful in urging his various theories under Alabama law."); see Ballard v. Wyeth, No. 03-T-1255-N (N.D. Ala. Jan. 23, 2004) (Thompson, J.); see Brunson v. Wyeth, No. 03-T-1167-S (N.D. Ala. Jan. 23, 2004) (Thompson, J.); see Blair v. Wyeth, No. 03-T-1251-S (N.D. Ala. Jan. 23, 2004) (Thompson, J.); see Storey v. Wyeth, No. CV-04-BE-

27-E (N.D. Ala. Jan. 30, 2004) (Bowdre, J.); see Cash v. Wyeth, No. 03-RRA-3378-E (N.D. Ala. Feb. 3, 2004) (Armstrong, Mag. J.); see Marshal v. Wyeth, No. CV-04-TMP-179-S (N.D. Ala. Feb. 18, 2004) (Putnam, Mag. J.); see McGowan v. Wyeth, No. CV-04-TMP-298-S (N.D. Ala. Feb. 24, 2004) (Putnam, Mag. J.); see Johnson v. Wyeth, No. CV-04-TMP-224-S (N.D. Ala. Feb. 23, 2004) (Putnam, Mag. J.); see Bradford v. Wyeth, No. 03-P-3157-5 (N.D. Ala. Feb. 27, 2004) (Proctor, J.); see Smith v. Wyeth, No. 04-P-226-M (N.D. Ala. Feb. 27, 2004) (Proctor, J.); see Boudreaux v. Wyeth, No. CV-04-P-227-M (N.D. Ala. Feb. 27, 2004) (Proctor, J.); see Bridges v. Wyeth, No. 04-AR-0297-J (N.D. Ala. Mar. 2, 2004) (Acker, J.); see Hough v. Wyeth, No. 04-H-393-S (N.D. Ala. Mar. 5, 2004) (Hancock, J.); see Brogden v. Wyeth, No. 04-T-068-S (M.D. Ala. Mar. 8, 2004) (Thompson, J.); see Reeder v. Wyeth, No. 04-T-066-N (M.D. Ala. Mar. 8, 2004) (Thompson, J.); see Eaton v. Wyeth, No. CV-04-P-380-M (N.D. Ala. Mar. 9, 2004) (Proctor, J.); see Allen v. Wyeth, No. 04-CV-0238-T (M.D. Ala. Apr. 9, 2004) (Thompson, J.); see Chestnut v. Wyeth, No. 04-CV-0295-T (M.D. Ala. May 3, 2004) (Thompson, J.); see King v. Wyeth, No. 04-CV-0409-T (M.D. Ala. May 24, 2004) (Thompson, J.); see Culpepper v. Wyeth, No. 04-CV-0411-T (M.D. Ala. May 24, 2004) (Thompson, J.); see Braden v. Wyeth, No. 04-CV-0384-T (M.D. Ala. May 24, 2004) (Thompson, J.); see Cross v. Wyeth, No. 03-0882-BH-M (S.D. Ala. Mar. 29, 2004) (Hand, J.); see Bennett v. Wyeth, No. 04-CV-0416-T (M.D. Ala. June 2, 2004) (Thompson, J.).

District Courts in Alabama have rightly found that plaintiffs who allege claims of fraudulent misrepresentation and suppression against sales representatives of drug

companies have alleged valid claims under Alabama law. Accordingly, the Resident Defendant is not fraudulently joined in this case.

Dated this the 20th day of March, 2006.

/s/ Ernest Franklin Woodson, Jr.
Ernest Franklin Woodson, Jr. ASB-0479-N66E
Attorney for Plaintiff

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS and MILES, P.C.
218 Commerce Street (36104)
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343 telephone
(334) 954-7555 fax

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the above and foregoing with the Clerk of the Court on March 20, 2006, using the CM/ECF system, which will send notification of same filing to the following:

James C. Barton, Jr.
Alan D. Mathis
JOHNSTON BARTON PROCTOR & POWELL, LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
(205) 458-9400 telephone
Attorneys for Eli Lilly and Company

/s/ Ernest Franklin Woodson, Jr.
OF COUNSEL