A CERTIFIED TRUE COPY

APR 13 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 3 2006

FILED
CLERK'S OFFICE

DOCKET NO. 1596

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE ZYPREXA PRODUCTS LIABILITY LITIGATION

BEFORE WM. TERRELL HODGES,* CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

Before the Panel are motions brought, respectively, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in twelve Eastern District of Missouri actions, ten Western District of Missouri actions and three Middle District of Alabama actions as listed on Scheduled A. These plaintiffs ask the Panel to vacate its orders conditionally transferring the actions to the Eastern District of New York for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket. Two doctors named as defendants in one of the ten Western District of Missouri actions also move to vacate the Panel's order conditionally transferring that action.[1] Defendant Eli Lilly and Co. opposes the motions to vacate and urges inclusion of all 25 actions in the MDL-1596 proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that these 25 actions involve common questions of fact with the actions in this litigation previously transferred to the Eastern District of New York, and that transfer of these actions to the Eastern District of New York for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of these actions is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. In that order, the Panel held that the Eastern District of New York was a proper Section 1407 forum for actions involving claims of liability related to the prescription drug Zyprexa. *See In re Zyprexa Products Liability Litigation*, 314 F.Supp.2d 1380 (J.P.M.L. 2004). Any motions for remand to state court can be presented to and decided by the transferee court. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

---

*   Judge Hodges took no part in the decision of this matter.

[1] *Larry Wright v. Eli Lilly & Co., et al.*, W.D. Missouri, C.A. No. 2:05-4413.

A TRUE COPY
ATTEST
DATED 5/23 20 06
ROBERT C. HEINEMANN
BY M. Jayne Rouse
DEPUTY CLERK

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Jack B. Weinstein for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

John F. Keenan
Acting Chairman